LEWIS v. COURTRIGHT.

Trespass: MAKING HAY ON WILD LAND: GOOD FAITH: DAMAGES. Defendant purchased the right to make hay on plaintiff's wild land of one whom he believed to be authorized to sell such right, but who had in fact no such authority. The uncut grass was worth not more than ten cents per acre, while the hay made from an acre was worth three or four dollars. Defendant acted in entire good faith, and cut no more grass after he was informed that he was proceeding without the owner's authority. Plaintiff sought to recover, not the value of the grass, but of the cured hay. *Held* that he could not so recover. (See opinion for cases cited.)

*Appeal from Dickinson District Court.*—HON. GEORGE H. CARR, Judge.

FILED, FEBRUARY 7, 1889.

ACTION to recover the possession of a quantity of prairie hay. There was a trial by jury, and a verdict and judgment in favor of defendant. The plaintiff appeals.

*J. W. Cory*, for appellant.

*Parker & Richardson*, for appellee.

ROBINSON, J.—During the year 1887, defendant entered upon a tract of land owned by plaintiff, cut the prairie grass from about eighteen acres thereof, and from the grass so cut made the hay in controversy, and stacked it on land which he controlled. Plaintiff claims that in making and removing this hay defendant committed a wilful and malicious trespass, and that in consequence he acquired no title to the hay, but that it belongs to plaintiff. It is shown that plaintiff did not by himself or agent authorize the cutting of the grass and the making of the hay, but defendant alleges, and offered evidence which tended to show, that he purchased the right to make the hay of one who claimed to have authority to sell it, and that he entered upon the land, and made and removed the hay, in good faith, with the belief that he had the right so to do. It may be conceded, for the purposes of this opinion, that defendant had no valid authority to cut the grass and make the hay in question, but there was evidence which justified the jury in finding that he believed he had such authority when he cut the grass. While he was at work on the land he was notified that he had not acquired a right to the grass. He at once desisted from cutting more, but finished making and stacking that already cut. The question we are called upon to determine is whether, under the facts of the case, the title to the hay vested in defendant. It is shown that the value of the grass before it was cut was small; some of the evidence tending to show that it was but eight to ten cents an acre. Each acre yielded from a ton and a half of hay, which was worth in stack from two to three dollars per ton. Under these facts, we

think it would be manifestly unjust to hold that the ownership by the plaintiff of the grass gave him title to the hay. It is true the hay in stack is the grass which belonged to plaintiff, cut and cured, and preserved for use; but the labor of defendant, rendered in good faith, under a claim of right, gave to the hay substantially all its value. The grass was worth to plaintiff the price for which it would sell. Time and the forces of nature would not add materially to that value, but on the contrary, would in a short time have destroyed it, had the grass remained untouched. Therefore the plaintiff should not be permitted to enjoy the fruits of defendant's labor without paying therefor. *Wetherbee v. Green*, 22 Mich. 311; *Murphy v. Railway Co.*, 55 Iowa, 474; *Lampton's Ex'rs v. Preston's Ex'rs*, 19 Amer. Dec. 104. The plaintiff seeks to recover, not the value of the grass taken by defendant, but the hay which he has made, and, under the facts disclosed by the record, must fail.

II. Other questions discussed by counsel are answered by the conclusions already announced, or are immaterial, or without proper foundation in the record, and therefore need not be further considered. We discover no error in the record prejudicial to plaintiff. The judgment of the district court is

AFFIRMED.