AUSTIN F. PETTIT ET AL. v. WILHELMINE E. FROTHINGHAM ET AL.

Decided December 7, 1907.

**Trespass—Cutting Timber—Measure of Damage.**

Where one in good faith cuts timber upon the land of another, believing that he has a right so to do, based upon reasonable grounds for such belief, he will, when sued for the value of the timber, be required to pay the owner no more than its value in the tree at the time it was cut. The owner is not entitled to recover the increased value added by the labor of the innocent trespasser.

Appeal from the District Court of Dallas County. Tried below before Hon. Richard Morgan.

*Wendel Spence*, for appellants.

*Word & Charlton*, for appellees.

CONNER, CHIEF JUSTICE.—Appellant Austin F. Pettit was a tie contractor, and through his tie makers cut and made from land owned by appellees seven hundred and thirty-three oak ties and two thousand three hundred and nine-four pine ties, all of which he sold and delivered to the appellant railway company, and this suit was instituted to recover the value thereof.· Pettit's defense in substance was that he had purchased the timber from one O. D. McMillan, who claimed to have authority as a sub-agent of the owners to so sell.

It is agreed that the market value of the pine ties in the tree was four cents per tie; that the market value of the oak ties in the tree was five cents per tie; and that the manufactured tie was of the market value of twenty cents per tie for the pine timber, and twenty-eight cents per tie for the oak timber, at the time and place of delivery to the railway company.

The court peremptorily instructed the jury to find for appellees the value of the ties in their manufactured condition, and the assignments of error require us to review this action of the court. We need not set out the evidence in full, but it has been carefully considered, and we are of opinion that it raised the issue of a purchase by Pettit in good faith. He so testifies, and offered evidence tending to show that before his purchase he was informed by a reputable person, so far as indicated by the record, that Mc-Millan was an agent having the timber in question for sale; that McMillan was an old settler of good repute, that Pettit sought him out and McMillan claimed to have authority as sub-agent to make the sale, and that Pettit thereupon bought, paying McMillan a fair price for the timber in the tree. McMillan, however, was without any authority, and the court evidently adopted the measure of appellees' damages in accordance with the rule laid down in Railway Co. and Carey v. Starr, 22 Texas Civ. App., 353. In that case Carey purchased certain ties that had been cut from land owned by the Starrs by persons unknown to the parties to the suit, who

had no right to cut the same, and upon a review of the authorities and following the case of Woodenware Co. v. United States, 106 U. S., 432, it was held that the owners of the land were entitled to recover the value of the ties in their manufactured condition. A writ of error was refused in that case, but it was distinguished in the later case of Texas & N. O. Ry. Co. v. Executors of Jones, 34 Texas Civ. App., 94, where it was shown that one G. A. Jones sold one hundred and fifty ties in the tree to a tie contractor, which in fact were on land not owned by Jones. It appeared, however, that Jones in good faith and on reasonable ground believed the land to be his at the time said timber was sold and cut, and the court there held that the proper measure of damages was the value of the timber in the tree. It will serve no useful purpose to review the many conflicting authorities on the subject, but it seems to us that the distinction pointed out in the case of Texas & N. O. Ry. v. Jones, *supra,* is well supported by the authorities. See Wetherbee v. Green, 7 Am. Rep., 653; Lewis v. Courtright, 41 N. W. Rep., 615, and Woodenware Co. v. United States, *supra.* The rule of these authorities seems to be that where one in good faith cuts timber upon the land of another, believing at the time that he has right so to do, based upon reasonable grounds for such belief, he will, when sued for the timber, be required to pay the owner no more than its value at the time it was cut. The owner in such case will be allowed the actual value of the property lost, but will not be permitted to appropriate an increased value added by the labor of the innocent trespasser, if such a term be permissible. Of course, care should be taken in the application of this rule. A premium to heedlessness and blunders and the temptation by false evidence to give an intentional trespass the appearance of an innocent mistake, should not be afforded. The mistake, if one, should always be such as did not arise from a want of care and prudence in the observance of the rights of others. But this issue, nevertheless, if raised by the evidence, is one for the jury and not for the court.

We conclude that the court committed error in taking the case from the jury, and it is accordingly ordered that the judgment be reversed and the cause remanded for a new trial.

*Reversed and remanded.*