MISSOURI, K. & T. RY. CO. OF TEXAS v. DELLMON. (No. 1291.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 13, 1914. Rehearing Denied Nov. 19, 1914.)

1. EVIDENCE (§ 471*)—OPINION EVIDENCE—WHAT CONSTITUTES.

In an action by a passenger, who claimed to have contracted a serious cold resulting in tuberculosis because of draughts on defendant's train, neither the question to a witness who accompanied the passenger as to the passenger's condition on the trip, nor the witness' answer that he took cold and was feeling bad when he returned, is objectionable as opinion evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

2. EVIDENCE (§ 471*)—OPINION EVIDENCE—ADMISSIBILITY.

Where a passenger claimed that exposure on a train resulted in a cold and tuberculosis, a witness may testify that since the trip the least exertion tired him out.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

3. EVIDENCE (§ 553*)—OPINION EVIDENCE—EXAMINATION OF EXPERTS.

A hypothetical question is properly excluded, where based upon a premise contrary to the evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2369–2374; Dec. Dig. § 553.*]

4. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR.

Where a passenger claimed that a cold contracted on defendant's train resulted in tuberculosis, the exclusion of a question of a medical expert as to whether that was not unusual is not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

5. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL.

Refusal of requests covered by the charges given is not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

6. TRIAL (§ 261*)—INSTRUCTIONS.

A special charge should direct the attention of the court and jury to the particular phase of the case sought to be presented.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 484, 660, 671, 673, 675; Dec. Dig. § 261.*]

7. DAMAGES (§ 208*)—PERSONAL INJURIES—JURY QUESTION.

Where a passenger claimed that exposure on defendant's train resulted in tuberculosis, testimony that he was directed to consult a throat specialist, without any showing that he did not do so, does not raise the issue of whether he was negligent in failing to procure competent medical treatment.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 54, 64, 68, 132, 144, 145, 205, 220, 533, 534; Dec. Dig. § 208.*]

8. TRIAL (§ 125*)—ARGUMENT OF COUNSEL.

Argument of counsel for a passenger claiming to have contracted tuberculosis because of exposure on defendant's train that he would not have tuberculosis for the railroad is not improper as tending to cause the jury to award excessive damages.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 303–307; Dec. Dig. § 125.*]

9. NEW TRIAL (§ 104*)—NEWLY DISCOVERED EVIDENCE.

A new trial will not be awarded because of newly discovered evidence, which is wholly cumulative.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 218–220, 228; Dec. Dig. § 104.*]

Error from District Court, Hunt County; Wm. Pierson, Judge.

Action by Joe R. Dellmon against the Missouri, Kansas & Texas Railway Company of Texas. There was a judgment for plaintiff, and defendant brings error. Affirmed.

About 6 o'clock of the morning of October 22, 1911, defendant in error (hereinafter referred to as plaintiff), then about 16 years of age, accompanied by a young man named Stapleton, went aboard one of plaintiff in error's (hereinafter referred to as defendant) trains then leaving Greenville for Dallas. They took a seat together—appellee next to a window, the curtain to which was so pulled down as to conceal the fact that the glass thereof had been so broken as to permit wind to enter the car through same. The weather was cold, and, as the car was not heated, plaintiff soon found it to be uncomfortable. He discovered after a while that the glass in the window beside him had been broken as stated, and thereupon he and Stapleton left the seat they were occupying, and, going to the rear part of the car, stood there until about 9 o'clock, when the train reached Dallas. On the ground that defendant was guilty of negligence in using the car in the condition it was in, and in failing, if it did use same, to have it properly heated, resulting, as he claimed, in his contracting bronchitis and

consumption, plaintiff, by his next friend, sued and recovered against defendant the judgment from which this appeal is prosecuted. The sufficiency of the testimony to support the finding of the jury involved in their verdict, that defendant was guilty of negligence as charged against it, and that plaintiff was without fault is not questioned by defendant. Therefore we adopt those findings as our own, and further find that plaintiff was damaged in the sum named by the jury.

Dinsmore, McMahan & Dinsmore, of Greenville, for plaintiff in error. Evans & Carpenter, of Greenville, for defendant in error.

WILLSON, C. J. (after stating the facts as above). [1] After plaintiff's witness Stapleton had testified that he accompanied plaintiff on the trip to Dallas and was with him during all of that day after they left Greenville, plaintiff asked him this question: "What did you observe concerning his (plaintiff's) condition that day?" Defendant's objection to the question, on the ground that "it was irrelevant and immaterial . to any issue in this case and called for an opinion and conclusion of the witness and did not elicit a fact, and was no part of the res gestæ," having been overruled, the witness answered: "Well, he was sneezing, and said he was feeling bad and began to feel bad and taken a pretty bad cold in the afternoon and was feeling pretty bad when he got home." The action of the court in overruling the objection is made the basis of the first assignment. Clearly, neither the question nor the answer of the witness, so far as it was responsive to the question, was subject to the objection made. 1 Wigmore on Evidence, § 223.

[2] The objection to the testimony of the witness Mrs. Penrich that appellee had "not been able to do, anything about the house. The least thing tires him out"—also was without merit. Railway Company v. Reagan, 34 S. W. 797.

[3] Nor do we think the court erred in sustaining the objection made by plaintiff to the hypothetical question propounded to the witness Dr. French. A premise of that question was that the cold plaintiff suffered from did not develop until the day following the day he made the trip to Dallas, whereas the testimony was that the cold developed during the day he made the trip. Hicks v. Ry. Co., 71 S. W. 322.

[4] And certainly if the court erred, as is asserted in the fourth assignment, in sustaining the objection interposed to the question propounded to Dr. French on his cross-examination, as follows: "Well, Doctor, if I was to start out on a train up here and in running a distance of about 16 miles in about 30 minutes I got cold and contracted cold enough to put me in condition that I had to be treated for a whole year, and then developed consumption on it, tuberculosis, that would be a little unusual, wouldn't it?" —the error was not such a one as to require a reversal of the judgment.

[5] The portion of the court's charge to the jury set out in the statement under the sixth assignment is not believed to be obnoxious to the criticism made of it. We do not think the jury would have construed the portion of the charge referred to as meaning that plaintiff would not have been guilty of negligence if, after seating himself by the window, he negligently remained there after he discovered the glass thereof had been broken out. Therefore said assignment is overruled, as is also the seventh, in which defendant complains of the refusal of the court to give the instruction it requested with reference to that phase of the case. We think the issue of contributory negligence was sufficiently presented in the instruction given to the jury and complained of as stated.

[6, 7] In its eighth assignment defendant complains of the action of the court in refusing a special charge requested by it, submitting to the jury as an issue in the case a question as to whether plaintiff had negligently failed to secure treatment by competent medical men, whereby the injury he had suffered had been aggravated. The testimony relied upon to support the contention made is that of Dr. French, to the effect that after he had treated plaintiff about a year he advised him to go to Dr. Swindell, a throat specialist, for treatment. This assignment would be sustained but for the fact that it does not appear, from any testimony we have been referred to or been able to find in the record, that plaintiff did not follow the advice so given him, and but for the fact that the special charge requested and refused was so general as to fail to direct the attention of the court and jury to the particular phase of the case presented by the testimony referred to. Railway Company v. Earnest, 229 U. S. 114, 33 Sup. Ct. 656, 57 L. Ed. 1096, Ann. Cas. 1914C, 172. The burden was on defendant to show that plaintiff did not consult a throat specialist as he had been advised to, and in the absence of proof that he did not, an issue as to whether he was negligent or not in not doing so did not arise.

The complaint made in the ninth assignment is that the judgment is excessive. But, plainly, it is not, if it was true, as the jury may have found it to be, that as a result of negligence on the part of appellant plaintiff was suffering from tuberculosis of the lungs.

[8] What has been said disposes of all the assignments except the fifth, with reference to a portion of the argument of plaintiff's counsel to the jury, and the tenth, presenting for review the action of the court in refusing to grant defendant a new trial on the ground of newly discovered evidence. We do

not think either of the matters complained of in these assignments furnishes a reason why the judgment should be set aside. The assertion of counsel objected to (to wit, that he "would not have tuberculosis of the lungs for the Katy Railroad from Denison to Dallas") reasonably could not be said to have induced a jury of ordinarily intelligent men, as we must assume and have no doubt the jury in this case were, to return a verdict different from the one they would have returned had such an assertion not been made in the argument to them.

[9] As to the testimony discovered after the trial of the case, it was cumulative merely to testimony admitted on the trial, and did not furnish a reason why the court below should have granted the new trial as prayed for. Ham v. Taylor, 22 Tex. 225; Latham v. Selkirk, 11 Tex. 314.

The judgment is affirmed.