GRAYSON v. BOYD. (No. 569.)

(Court of Civil Appeals of Texas. El Paso. April 20, 1916.)

1. APPEAL AND ERROR ⊚⟿931(3) — PRESUMP-TIONS—STATUTE.

In an action for damages for conversion by the defendant of cotton left ungathered by the plaintiff, his tenant, at the termination of the rental period and removal, there being a conflict in evidence as to whether the defendant knew or had reason to believe that the plaintiff intended to return and gather the cotton, and no issue being submitted or requested upon the bona fides of the defendant's action, it will be presumed under Rev. St. 1911, art. 1985, providing that an issue not submitted or requested shall be deemed found by the court to support the judgment if there be evidence sustaining such a finding, that the court resolved against the defendant the issue of good faith on his part.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3764; Dec. Dig. ⊚⟿931(3).]

2. WITNESSES ⊚⟿410—IMPEACHMENT.

In an action for damages for conversion of cotton, where the defendant impeached plaintiff's testimony that he intended to return and gather the cotton by witnesses who testified to conversations with the plaintiff in which he said that he was not going to gather the cotton, testimony of witnesses as to statements made to them by the plaintiff that he did intend to return and gather the cotton were admissible.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1284; Dec. Dig. ⊚⟿410.]

3. NEW TRIAL ⊚⟿104(1)—NEWLY DISCOVERED EVIDENCE.

Newly discovered evidence merely cumulative of testimony already offered by the party is not ground for a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 218, 228; Dec. Dig. ⊚⟿104(1).]

4. TRIAL ⊚⟿350(8)—SUBMISSION OF ISSUES.

In an action for damages for conversion of eight bales of cotton, where the number of bales in controversy was not questioned, but defendant attempted to set up title to two of the bales in a third party by virtue of a gift which was not established, a special interrogatory to the jury assuming the conversion of eight bales, if any, and refusal to submit defendant's requested special interrogatory as to the number converted, if any, were not improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 833; Dec. Dig. ⊚⟿350(8).]

5. GIFTS ⊚⟿18(1), 24—INTER VIVOS—VALIDI-TY—DELIVERY AND ACCEPTANCE.

Complete and unconditional delivery by the donor and acceptance by the donee are essential to the validity of a gift inter vivos.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 18, 29, 30, 32, 33; Dec. Dig. ⊚⟿18(1), 24.]

6. TROVER AND CONVERSION ⊚⟿23—DEFENSES —TITLE IN A THIRD PERSON.

A defendant in trover cannot set up title in a third person, without showing some claim, ti-

tle, or interest in himself derived from such person.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 163–166; Dec. Dig. ⊚⟿23.]

Appeal from Jones County Court; J. F. Lindsey, Judge.

Action by W. L. Boyd against J. H. Grayson. Judgment for the plaintiff, and defendant appeals. Affirmed.

E. T. Brooks and Walter S. Pope, both of Anson, for appellant. W. R. Chapman, of Anson, and Andrews & Coombes, of Stamford, for appellee.

HIGGINS, J. Grayson rented to Boyd a farm for the year 1914, the term expiring January 1, 1915. Cotton was raised upon the farm by the tenant, of which one-fourth belonged to the landlord as rent. On January 4, 1915, Boyd moved from the rented premises. It took him about ten days to move. At that time there was some ungathered cotton remaining in the fields. Subsequent to January 17, 1915, Grayson, at his own expense, gathered and marketed this cotton and appropriated the proceeds. This suit was filed by Boyd to recover the value of his share of eight bales of cotton so gathered, marketed, and appropriated by Grayson. Boyd sought to recover upon the theory that by custom he had the right, notwithstanding his removal and the expiration of the rental period, to gather such cotton and market same, accounting to the landlord for his one-fourth thereof as rent. It was contended by Grayson that Boyd had voluntarily abandoned and relinquished his right to the ungathered cotton when he removed from the premises.

The case was submitted to a jury upon special issues, which, with the answers thereto, read:

"No. 1. Did the plaintiff, W. L. Boyd, abandon the ungathered cotton crop raised by him upon the premises rented from the defendant at any time from the 4th day of January and before the 17th day of January, 1915? Answer: No.

"No. 2. Was it the custom in the community of the Grayson farm for the landlord to permit the tenant, after the expiration of the rental term, to gather such ungathered crop as the state of the weather and condition of the crop had prevented or made impractical to gather before the expiration of said rental term, and after he had removed from said premises? Answer: Yes.

"No. 3. What was the market price of the eight bales of cotton and seed converted, if any converted, after deducting rents and the usual and customary price of picking the same? Answer: $109.31."

Judgment was thereupon rendered in favor of Boyd, and Grayson appeals.

[1] The first three assignments attack in different ways the correctness of the measure of damage applied in the case; it being contended by appellant that he in good faith believed Boyd had abandoned the ungathered

cotton and relinquished his interest therein; that, acting upon this belief, he gathered and marketed the cotton in which he had a one-fourth interest. He invokes the rule applied in a number of cases in this state that, where the conversion of property is the result of a mistake made in good faith, and not intentional, the value of the property when first taken must govern, and not the value of the finished product. Pettit et al. v. Frothingham et al., 48 Tex. Civ. App. 105, 106 S. W. 907; Texas, etc., Ry. Co. v. Jones, 34 Tex. Civ. App. 94, 77 S. W. 955; Bayle et al. v. Norris et al., 134 S. W. 767; Louis Werner Stave Co. v. Pickering et al., 55 Tex. Civ. App. 632, 119 S. W. 333; Callen v. Collins et al., 56 Tex. Civ. App. 620, 120 S. W. 546.

Upon the authority of this principle it is asserted the correct measure of damage was the value of the ungathered crop, as it stood in the field, rather than the measure applied in the third issue. There is a sharp conflict in the evidence as to whether or not Grayson knew or had reason to believe that Boyd intended to return and gather the cotton after he left the place. No issue was submitted or requested to be submitted bearing upon the bona fides of defendant's action in this particular. This being the case, it will be presumed that the court resolved against defendant the issue of good faith upon his part. R. S. art. 1985. The assignments relating to this phase of the case are therefore overruled.

[2] Appellee's witnesses McCreight, Brown, and Winter were permitted to testify to statements made to them by Boyd about the time he removed from the place to the effect that he intended to return and gather the cotton which he had left in the field. It is objected that these statements were self-serving and inadmissible. Boyd testified that when he left the place he intended to return and gather the remaining cotton, and his intention was a vital issue in the case. Appellant impeached his testimony by witnesses who testified to conversations with Boyd in which he said he was not going to gather the cotton. In view of this attempt to so impeach the plaintiff, the testimony indicated was properly admissible in corroboration of his testimony that he did intend to return and gather the cotton. Insurance Co. v. Eastman, 95 Tex. 37, 64 S. W. 863; Railway Co. v. Irvine, 89 S. W. 428; Ry. Co. v. Hall, 17 Tex. Civ. App. 45, 43 S. W. 25; Railway Co. v. Garren, 96 Tex. 605, 74 S. W. 897, 97 Am. St. Rep. 939; Ry. Co. v. Fox (Sup.) 166 S. W. 693; Lewy v. Fischl, 65 Tex. 311; 2 Wigmore on Ev. § 1129.

[3] Error is assigned to the refusal of a new trial upon the ground of the newly discovered testimony of the witness Williams, who would testify to a conversation had with Boyd between January 5 and 10, 1915, wherein the latter stated he had finished picking cotton on the Grayson farm; that there were one or two bales left, but Grayson could have it, turn his cows on it, or do whatever he pleased with it to get his rent. This evidence is cumulative merely of the testimony of a number of other witnesses offered by appellant who testified to statements claimed to have been made by Boyd tending to show an intention upon his part to abandon the ungathered cotton and relinquish his right therein to the landlord. Such evidence has never been regarded as affording sufficient ground for a new trial. Latham v. Selkirk, 11 Tex. 314; Railway Co. v. Dellmon, 171 S. W. 799.

[4] Under the eighth and ninth assignments it is contended: First, that the court erred in refusing to submit this special issue, viz., "How many bales of cotton, if any, were converted by the defendant, Grayson?" and, second, "the court erred in submitting to the jury special issue No. 3, for the reason that the jury are therein instructed, in effect, that if any cotton was converted, there were eight bales converted, when, in truth and in fact, it was a question as to how many bales were converted, if any." In support of these assignments this proposition is urged:

"Where plaintiff alleges that defendant converted eight bales of cotton, and the defendant, by his pleadings denied, and the evidence of one of the witnesses on the trial shows that plaintiff gave him two bales of the eight bales in question, it was error for the court, when presenting the case to the jury on special issues, to refuse to submit the question, 'How many bales of cotton, if any, were converted by defendant?' for same was a question of fact and an issue in the case."

These assignments and supporting proposition are based upon the testimony of Wilmer Grayson, a son of appellant, as follows:

"Wilmer Grayson testified: 'January 1st I asked him [Boyd] how much he lacked being through, and he said he would get through by noon. I asked him if he was going to gather the bales, and he said "No," I could have them. There were 20 acres in the piece that he said he would give me the bales. We got two bales of cotton from this 20 acres.'"

Boyd denied having this conversation. The defendant, Grayson, testified:

"I heard Mr. Boyd testify about the 20 acres and that Wilmer Grayson said he told him he could have the bales. Two of the eight bales of cotton that we got came from this 20-acre tract."

Among other reasons which may be assigned for overruling these two assignments, it will suffice to say:

[5] 1. Complete and unconditional delivery by the donor to Wilmer Grayson, which was essential to the perfection of the gift, was not shown, nor acceptance by the donee. Both of these elements are essential to the validity of a gift inter vivos.

[6] 2. A defendant in trover cannot set up title in a third person without showing some claim, title, or interest in himself derived from such person. O'Brien v. Hilburn, 22 Tex. 617; Jackson v. Nelson, 39 S. W. 315.

Affirmed.