**MARTIN v. J. S. HUNT LUMBER CO., Inc.**

**No. 2601.**

Court of Civil Appeals of Texas. Waco.

May 4, 1944.

Rehearing Denied June 1, 1944.

McComb & Davis, T. B. Bartlett, A. A. Turner, and Geo. B. Darden, all of Conroe, for appellant.

Pitts & Liles, of Conroe, for appellee.

RICE, Chief Justice.

Henry Martin, appellant, instituted this proceeding against J. S. Hunt Lumber Company, Inc., appellee, for the purpose of recovering the market value of certain lumber, in its manufactured state, because, he alleged, it was processed by appellee from timber unlawfully cut by the latter from appellant's land, over his express instructions and not under a good faith claim of right.

Appellee admitted that it had cut and removed 48,626 feet of timber from appellant's land of the reasonable market value of ten dollars per thousand feet, and of the total value of $486.26, and alleged that it was willing and able to pay appellant this sum therefor; it denied that its acts were unlawful, in bad faith or in willful disregard of appellant's rights, and alleged that it cut the timber, in the usual and customary manner, in the good faith belief that it had purchased it from appellant.

The case was tried to a jury, and the latter found, in response to special issues submitted: (1) That at the time appellee cut the timber it believed it had a right to do so; (2) that such belief was based upon reasonable grounds; and (3) that the reasonable cash market value per 1,000 feet, board measure, of the lumber manufactured from timber cut on appellant's land was $25. The parties having stipulated that the market value of the timber at the time it was cut, as stumpage (standing timber), was $10 a thousand, the court thereupon rendered judgment on the verdict in favor of appellant for the sum of $486.26, the amount that appellee had admitted it owed appellant therefor.

At the close of the evidence, appellant presented his motion for an instructed verdict, which was overruled; and, after the verdict of the jury was returned and received by the court, he presented a motion for judgment non obstante, which was likewise overruled. Appellant takes the position that the undisputed evidence showed that appellee did not act in good faith in cutting the timber, and that there was no evidence to support the answers of the jury to issues one and two above set forth, hence the court erred in overruling his motion for instructed verdict, and in failing to render judgment in his favor non obstante veredicto.

We overrule both assignments. There was ample evidence to raise the controlling, submitted issues of fact. It was the province of the jury, as the trier of the facts, to pass upon the credibility of the witnesses and the weight to be given their testimony. The jury had a right, and apparently exercised it, to reject the testimony of appellant, and give credence to that given by the witnesses for appellee.

Appellant contends that the court erred in not rendering a judgment in his favor based on the finding of the jury, in answer to special issue No. 3, that the timber, after it was manufactured into lumber, was worth $25 per thousand board feet. We overrule this assignment. As

stated above, there was ample evidence to sustain the finding of the jury to the effect that appellee acted in good faith in cutting and removing the timber from appellant's land. This being true, the court correctly applied as appellant's measure of damages the stipulated market value of $10 per thousand feet for the timber at the time it was cut. The rule of law governing in such a case as this is that when one in good faith cuts timber upon the land of another, believing at the time that he has a right to do so, based upon reasonable grounds for · such belief, he will, when sued in damages for the conversion of the timber, be required to pay the owner no more than the value of the timber at the time it was cut. Under such circumstances the owner will not be allowed to recover the value of the timber after it has been manufactured into lumber. Pettit v. Frothingham, 48 Tex.Civ. App. 105, 106 S.W. 907. It is only where the taking is under such circumstances as to amount to wilfulness, and not under a good faith claim of right, that punitive damages can be recovered, that is, the value of the lumber manufactured from the timber, without allowance for the processing cost. Kirby Lumber Co. v. Temple Lumber Co., 125 Tex. 284, 83 S.W. 2d 638.

Appellant next assigns error to the court's action in refusing to grant his motion for a new trial based upon jury misconduct. Appellant contends that the jury, during their deliberations, first determined to give plaintiff twenty-five dollars per thousand feet for the lumber manufactured from his land and so answered the submitted issue; and that the jury did not unanimously agree to the answers returned into court to the first two issues, that is, the findings constituting good faith.

This assignment is overruled. At the hearing on the motion for new trial five of the jurors took the witness stand. It appears from the testimony of these jurors that the jury was at first dead-locked on the first issue, or possibly the first and second issues; they stood then seven for a negative answer to said issue or issues, and five for an affirmative answer. They reported the fact of their inability to agree to the trial court, and were by him sent back to deliberate further. The testimony of the jurors as to what thereafter occurred is conflicting. Two jurors testified in substance that they did not vote to answer

the first issue in the affirmative; that one of the jurors suggested that they give appellant twenty-five dollars per thousand and get through with it; that this was the agreement of the jury, and that it was their understanding that this was the effect of their verdict; that they had never reached an agreement as to the first two issues. Each of these jurors further testified that they heard their answers read in open court by the clerk, and heard the court ask them if that was their verdict, and that they did not inform the court that it was not their verdict.

The foreman and two other members of the jury were called by appellee and testified, in substance, that after the court had ordered the jurors to resume their deliberations, there was quite a lengthy and heated discussion of the evidence; and, thereafter, another vote was had on the first two issues and all the jurors voted to answer them in the affirmative. Two of these jurors testified that the matter of giving appellant twenty-five dollars a thousand came up after they had answered the first two issues.

■■■ After hearing the testimony, the court entered an order overruling the motion, thereby impliedly finding that no misconduct occurred. There is ample evidence to support this implied finding of the court, who, in this proceeding, acted as the trier of the facts. In passing upon this question the court had the same latitude in determining the credibility of the witnesses and the weight to be given their testimony as the jury had upon the trial. The trial court's determination of the issue, under the record here presented, is binding on this court. 31 T.J., p. 166; Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; Edens-Birch Lumber Co. v. Wood, Tex.Civ.App., 139 S.W.2d 881.

■■■ The judgment of the court was that the appellee recover of appellant its costs, and appellant contends that the trial court erred in thus assessing costs against him. This contention is overruled. This suit was for the value of the trees after they had been made into lumber, and not for the value of the standing timber. It is undisputed that prior to the institution of this suit, appellee offered to pay appellant $10.00 per thousand feet for the timber it had cut. The parties to the suit stipulated that said price was the reasonable market value of the timber as stumpage. In its answer appellee pleaded that it was

able and willing to pay appellant for the timber cut by it based on this stipulated value. Based on the jury's findings, the trial court correctly fixed appellant's damage on the basis of this stipulated value. Appellant refused to accept payment for the timber cut from his land calculated on the price for stumpage; he insisted on punitive damages, and in this was unsuccessful. In our opinion the trial court's action was correct. Rule 131, Texas Rules of Civil Procedure provides that the successful party shall recover his costs of his adversary. The appellee, and not the appellant, was the successful party in this suit.

The judgment of the trial court is therefore affirmed.