## SHEPHERD v. YOUNG et al.

One who has cut wood on the land of an adjoining proprietor, through ignorance of the line of separation of the two estates, a part of which was removed and used by him, and the remainder taken possession of by the owner, being presumed to have acted in good faith, will be responsible only for the value of the wood used by him.

Where the owner of an undivided half of a tract of land authorizes a third person to make bricks on it, the latter will not be liable to the other joint owner in damages for a trespass.

APPEAL from the District Court of Madison, *Curry,* J.

*Amonett* and *Shannon,* for the appellant, cited Civ. Code, art. 2294. 10 La. 117, 204. 14 La. 280.

*Snyder* and *H. W. Dunlap,* for the defendants, cited Civ. Code, arts. 21, 1960. 1 Story's Equity, ch. 5, p. 155 *et seq.*

The judgment of the court was pronounced by

ROST, J. The plaintiff claiming damages from the defendants for unlawfully entering upon his land, cutting cord-wood, and making a kiln of bricks thereon, and carrying away the same, obtained an injunction to stay further waste. The defendants filed a general denial, and alleged that, if they had entered upon the plaintiff's land, they were not aware of it at the time; that the wood was cut through mistake; that they had authority from *Dunlap,* the joint owner of the land, to make bricks thereon; that the plaintiff appropriated the wood cut, as well as the bricks to his own use; and that they are entitled to damages in reconvention. The court below dissolved the injunction, and gave judgment in favor of the defendants for $65 90. From this judgment the plaintiff has appealed.

It is proved that *Dunlap,* being the owner of one undivided half of the lands authorized the defendants to make the kiln of bricks, part of which the plaintiff has taken and converted to his own use. It is also shown that the defendants cut, without authority, a large quantity of cord-wood, a portion of which was removed by them. The remainder was taken possession of and sold by the plaintiff. The evidence in relation to the defendants' knowledge of the precise

situation of the division line between their land and the plaintiff's, is conflicting; but the fact sworn to by the parish surveyor, who has since traced that line, that the defendants had erected a building and a blacksmith shop, which he found to be almost entirely upon the plaintiff's land, satisfies us that the defendants did not accurately know the limits of their possessions; and their subsequent offer to indemnify the plaintiff for the wood, and to refer the matter to any two proper persons he might select, creates in their favor the presumption of good faith.

The plaintiff is entitled to damages for the wood carried away; the defendants, on the other hand, must be compensated for the bricks converted by the plaintiff to his use. The amount allowed by the judge of the first instance, was no doubt the balance arrived at by him on their respective claims; and as its correctness rests exclusively on questions of fact and the degree of credit to which the witnesses are entitled, we cannot interfere with it. We consider, however, that the injunction should have been perpetuated in part, and in that respect the judgment must be amended.

It is therefore ordered that the judgment in this case be amended, by perpetuating the injunction so far as it inhibits the defendants from committing waste on the plaintiff's land, by cutting down or carrying away timber or both; and that the judgment as amended be affirmed, the defendants and appellees paying the costs of this appeal.