By the Court, Monell, J.
The principal question in this case is, whether there is any evidence to support the judgment. The court in bank will not weigh the evidence for the purpose of ascertaining whether the learned justice came to a correct conclusion; nor will we disturb a judgment when there is any evidence to sustain it, even where, *20 upon examination, we might think a. different conclusion should have been reached. It is well settled that a finding 'upon conflicting evidence will not be disturbed by an appellate court. (Hall v. Morrison, 3 Bosw. 520. Morris v. Second Avenue Railroad Co., 8 id. 679. Bearss v. Copley, 10 N. Y. Rep. 93. Woodruff v. McGrath, 32 id. 255.)
The contract fo roll, cone-seat an d anneal the 1100 skelps, was admitted by the defendant, with some qualification or alteration of its terms. * * * The number found to have been defective was 180. • That number seems to be quite as large as the defendant could have expected under the evidence. The only question in respect to the five tons, was the number of condemned guns ; when that was ascertained, the amount due to the plaintiffs was easily determined.
The real controversy in regard to the thirteen tons of skelp iron was, not whether there was a sale of it to the defendant, coupled with an agreement on his part to pay for rolling, cone-seating and annealing; but whether upon the transfer of his contracts by the defendant to Robinson, he (Robinson) did not assume the defendant’s contracts with the plaintiffs, and was not accepted by them as their debtor. [After examining the conflicting evidence upon this point, the court proceeded.]
Upon all this conflicting evidence, the justice found against the defendant; and after allowing at the rate of $2.36 for defective barrels, gave judgment in the plaintiffs’ favor for the balance. .
As to the objection that the claim to recover for the thirteen tons was not embraced by the pleadings, it is enough to say that the justice has found the claim was sustained by the proof; and we have the right either to treat the complaint, as amended, in such respect as the court at special term would have allowed, (Bate v. Graham, 11 N. Y. Rep. 237,) or now to conform the pleadings to *21 the facts as found by the justice. (Pratt v. Hudson River Railroad Co., 21 N. Y.. Rep. 305.) The question arising under the thirteen ton contract was fairly litigated, and the judgment in respect to it should not be disturbed on merely technical grounds.
I think the allowance of interest was correct, and that none of the exceptions taken by the defendant can be sustained.
I am in favor of affirming the judgment, with costs.
Garvin, J. concurred.