No. 3539.

(Court of Appeal, Parish of Orleans.)

W. H. HOWCOTT vs. JOS. FABACHER.

Appeal from Civil District Court, Division "C."

W. W. Wall, for Plaintiff and Appellant.

W. S. Parkerson, for Defendant and Appellee.

The actual value of the property taken away is the measure of compensation when, through ignorance, one commits a trespass on another's property.

DUFOUR, J.   In 1898 Howcott bought certain real estate at tax sale; registered his title, but did not cause a writ of possession to be executed until May, 1902. Meanwhile, in April, 1902, Mrs. Barrus who had for seventeen years been in possession of the property, formerly owned by her father, sold to defendant, a purchaser and demolisher of old buildings, the houses for $70.

In this proceeding, Howcott claims the value of the property as sold without his knowledge and consent, and he is undoubtedly entitlted to recover.   Our conclusions of fact are that the houses were old, dilapidated and on the verge of .ruin, that to repair them would have cost about as much as to erect new buildings of similar character and that they had no value except that of the material in them.   There is no question of bad faith involved, Fabacher having bought from one whom he believed to be the owner and who was ostensibly so, none the less, however, is his obligation to repair the damage caused to the owner.   The actual value of the property taken away is the measure of compensation when one, *through ignorance*, commits a trespass on another's property.

The price Fabacher paid to Mrs. Barrus, $70, is his loss; the

labor and expense of demolishing, etc., amounting to $91.30 should be deducted from $211.20, the price for which the materials were sold, and the balance, $119.90, represents the value of the property to which Howcott is entitled. This is the rule followed in 7 Rob. 20, and 2 An. 238.

Judgment amended by increasing the amount allowed plaintiff to the sum of $119.90, and, as amended, affirmed at defendant's cost in both courts.