MONROE, J.
Plaintiff sued for the value, as manufactured into lumber, of 235,406 feet of pine timber, which it alleges defendant in bad faith cut upon its land and appropriated to its own use. It was admitted that defendants have cut and appropriated 155,000 feet of plaintiffs’ timber, _ and the latter abandoned its claim for anything over that amount; the question left for decision being whether the timber should be paid for as stumpage, or as lumber, and, in either case, at what valuation.
The judge a quo gave judgment for plaintiff (upon a stumpage valuation) for $620, being at the rate of $4 per 1,000 feet. Plaintiff has appealed, and defendants, answering the appeal, contend that the valuation should not have exceeded $2.50 per 1,000.
The testimony shows that defendants own section 34, adjoining section 33 (owned by plaintiff) on the east; that between those sections there were two blazed lines, beginning as one at the southeast and southwest corners, respectively, and diverging so that, at the upper boundary, they were about 50 yards apart; that from the best information that defendants could obtain, by inquiring, the true line was that lying further to the west, and that defendants cut up to that line during the summer and fall of 1905, and until some time in January, 1906, when they were notified by plaintiff that they were cutting on its land; that both parties tried to get a surveyor to run the line, which he finally did, establishing it as the eastward line of the two mentioned; that defendants, on getting the notice referred to, gave orders that no more lumber should be cut on the land claimed by plaintiffs; and that *630 no more was cut, save, perhaps, sis or eight trees, which were at places where the lines were so close together that they could not be •distinguished.
We agree with the judge a quo that the testimony fairly shows that the stumpage, •at the time of the cutting, was worth $4 per 1,000 feet (which amount defendants offered to pay), and we also concur in what we assume to be his conclusion that the cutting was done in good faith. There was, therefore, no error in taking the value at the ■stump as the basis of the judgment. Watterson v. Jetche et al., 7 Rob. 20; Shepperd v. Young et al., 2 La. Ann. 233; Schlater v. Gay, 28 La. Ann. 340; Gardere v. Blanton et al., 35 La. Ann. 811; Trust & Safe Deposit Co., v. Investment Co., 107 La. 251, 31 South. 736; Civ. Code, art. 3452. The “lumber” valuation awarded in the case of St. Paul v. Louisiana Cypress Lumber Company, 116 La. 595, 40 South. 906, was based upon the finding that defendant acted in bad faith. Act No. 103, p. 156, of 1902, to which counsel for plaintiff refer, has recently been held to be unconstitutional. State v. Peterman, 46 South. 672, ante, p. 619.