(67 South. 364)

No. 21003.

SIBILLE v. EASTHAM.

In re EASTHAM.

(Jan. 25, 1915.)

*(Syllabus by the Court.)*

TRESPASS ⨺⇒52—CUTTING TIMBER—MEASURE
OF DAMAGES.

One who cuts timber on the land of another in good faith, believing it to be his own land and timber, is liable for the value of the timber at the stump, and not as manufactured into lumber.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 137, 138; Dec. Dig. ⨺⇒52.]

O'Niell, J., dissenting.

Action by V. H. Sibille against E. K. Eastham. Judgment for plaintiff, and defendant applies for certiorari or writ of review. Judgment reduced.

John W. Lewis, of Opelousas, for applicant. Dudley L. Guilbeau, of Opelousas, for respondent.

SOMMERVILLE, J. It is well settled that one who cuts timber on the land of another in good faith, believing it to be his own land and timber, is liable for the value of the timber at the stump, and not as manufactured into lumber. Ball & Bro. Lumber Co. v. Simms Lumber Co., 121 La. 627, 46 South. 674, 18 L. R. A. (N. S.) 244, and authorities therein cited.

And where the Court of Appeals gives judgment for the value of stumpage and profits, the amount of the judgment will be reduced to the value of the stumpage.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeals be reduced to $130, with interest; costs of this court to be paid by plaintiff.

O'NIELL, J., dissents.