MRS. M. SIMONEAUX

VS

LEBERMUTH & ISRAEL

PLANTING CO., LTD.

NO. 7 3 2 3

CHARLES F. CLAIBORNE, JUDGE.

This is a suit for damages for cutting timber on plaintiff's lands.

The plaintiff alleged "that she is the owner of the Faustina Plantation, a sugar plantation situated in the Parish of St. James, Louisiana, which plantation contains a small tract of timber land sufficient to furnish wood for said plantation"; that the defendants, with full knowledge of petitioner's ownership, trespassed upon the "lands on which the said small tract of timber is or was and on April 1916 cut therefrom sixty trees ranging in diameter from six to thirty inches" of the value of $500.00; that the defendants "were notified not to enter upon petitioner's said land and cut said timber but not withstanding said notification given by petitioner's manager, and in utter disregard of the rights of petitioner, they did enter and trespass upon petitioner's said lands and cut therefrom the number of trees as above alleged, for which plaintiff claims *in addition* $500.00 punitory damages.

The defendants excepted to the petition "on the ground that it is too general, vague, and indefinite to enable exceptor to file its defense. That plaintiff utterly and signally fails to set out a description of the land, its location, and situation on which it is claimed the timber has been cut; nor does plaintiff even give any description at all of the plantation of which it is claimed the small tract is alleged to be a part."

The exception was submitted without argument and was overruled. The exception is pressed in this Court. The want of description of the plantation was not necessary, after the name and locality had been given. In Phelan vs Wilson 114 La. 813

180

(823) the Court said: "The description of a residence or plantation by name and locality is sufficient", quoting a long list of authorities. In the case of McManus vs Stevens 10A 177, relied on by defendants, the property was described as "a tract of land in the parish of East Feliciana".

The "location and situation"/from which defendants were charged to have cut the timber was sufficiently described as "the small tract of timber land contained within the plantation". There could have been no ambignity as to the spot from which the timber was said to have been cut. Besides, the date of the cutting was given.

The defendants then filed the exception that the petition set forth no right or cause of action. On the same day they filed an answer in which they admitted that plaintiff owned the Faustina Plantation and denied all the other allegations of the petition.

By agreement of counsel the case was ordered fixed for trial for June 13th. By going to trial on the merits the defendants waived the right to a separate judgment on their exception of no cause of action. 139La. 51.

There was judgment for plaintiff for $300.00 and defendants have appealed.

The plaintiff has answered the appeal asking for an increase of the damages.

The following witnesses testify positively to the cutting of trees inside of the lines of plaintiff's property, viz: Harry Alleman, Gus Alleman, and Henry Esneault.

The following witnesses testify that they counted the number of trees cut and that they amounted to sixty, viz: A.A. Robert, L. R. Ferchand and G. A. Robert, and Harry Alleman.

The following witnesses testify that the cutting was done by employees of the defendant company, and that the wood was hauled away in its carts, viz: Harry Alleman, Guss Alleman and Henry Esneault.

The only witness for the defense was Eugene Folse, overseer for the defendants. He testifies that "there never was any wood cut on the other side of the defendant's lines. But he adds

181

that he had been told that some trees had been cut on plaintiff's land, but that he "never went back there to see it". At any rate his testimony is overcome by the numerous witnesses quoted above. It availed him nothing that he instructed his choppers not to go beyond his lines, if they actually did. 28A 340.

This is a question of fact, and to be governed by the rule that the finding of the trial judge will not be reversed unless clearly erroneous. The rule is the more authoritative in this case, where the trial judge, after hearing the testimony and examining the plans in evidence, announced from the bench "that in order to be fair and impartial to all parties concerned he desired to visit and examine the locus before rendering judgment."

The judge then proceeded to the "locus" where the trees had been felled, after notice to both parties, and, on his return, heard argument, prepared lengthy reasons, and rendered judgment in favor of plaintiff. We have read those reasons and they appear to us supported by the evidence and the law of the case.

The value of the 60 trees is sworn to as $500.00 by several witnesses. But the judge reduced it to $300.00 fixing the value of each tree at $5.00. For this there is authority. 28A 340; 25A 230. His knowledge of such matters is superior to ours.

Plaintiff prays for vindictive damages. But the evidence is not sufficient to establish with certainty that defendants knew that they were trespassing upon plaintiff's lands. In such a case a defendant can be charged only with the actual value of the timber cut. 7 Rob 20; 2A 238; 7A 116; 35A 811; 121 La. 627.

During the trial of the case the defendants asked for a continuance on the ground that they were taken by surprise by the testimony of the plaintiff as to the locality of the trespass. The judge refused. We cannot say that he erred. The testimony shows that the defendants had been informed before

182

the suit that plaintiff charged them with cutting timber at that very locality.

The defendants prayed for a new trial on the ground mainly that by refusing the continuance, they had been deprived of the advantage of producing the testimony of four witnesses who would have contradicted plaintiff's witnesses on the question of cutting the timber and the quantity cut. He annexed their affidavits to his motion. But the law requires the litigant's affidavit, and not that of the witnesses. C. P.561, 7 La. 84; 16 La. 80; 2A 796, 1021. These were four wood-choppers who had been employed in March 1916 by Eugene Folse, overseer of the defendants, to chop wood in the neighborhood of the locality upon which they are accused of having trespassed. These witnesses had not been summoned for the trial of the case, no reason had been given why they had not been, and certainly, defendants were aware of what testimony they could give, and could not claim that it was testimony "discovered since the trial, which they could not, with due diligence have obtained before". C. P. 560.

At the time the application for the new trial was made, the Judge had already himself, in person, made a personal examination of the locality, and was evidently of the opinion, that the new testimony could only be conflicting and could not change his mind.

Judgment affirmed
May 20th. 1918.