(86 South. 555)

No. 23943.

SCHWING LUMBER & SHINGLE CO., Limited, v. BECKMAN.

In re SCHWING LUMBER & SHINGLE CO.

(Nov. 3, 1920.)

*(Syllabus by the Court.)*

1. Pleading ⊚⇒34(1)—Prayer and allegations of petition may be construed together.

Where the prayer of a petition becomes intelligible by reference to its allegations, they may be construed together, in the light of the relief to which the plaintiff seems to be entitled.

2. Trespass ⊚⇒52—Stumpage value measure of damages.

The cutting and removal of timber, by one who is conceded to have acted in good faith and in the belief that he was the owner, subjects him, nevertheless, to an action in damages, as a trespasser, and the owner, in such case, is entitled to recover the value of the stumpage and such other damage as he sustained in its cutting and removal.

3. Trespass ⊚⇒45(5)—Price received for timber cut by trespasser irrelevant in determining value.

The amount which one who is not the owner of standing timber may receive for it is irrelevant in determining its value as between the owner and the one who has made the payment, and cut and removed the timber, and can constitute no basis for a judgment upon that issue.

4. Certiorari ⊚⇒69—When judgment erroneous and evidence insufficient, case may be remanded for trial de novo.

Where, in a case brought to this court by writ of review, the judgment is found to be erroneous, and the evidence insufficient to establish the basis of a judgment that will do justice between the parties, the case may be remanded, to be tried de novo.

Provosty and O'Niell, JJ., dissenting.

Certiorari to Court of Appeal, Parish of St. Mary.

Action by the Schwing Lumber & Shingle Company, Limited, against W. H. Beckman, with call by defendant of Emile Angelloz in warranty. On appeal by defendant from a judgment sustaining exceptions to the call in warranty and by plaintiff from an allowance to defendant of reimbursement for expenses, the Court of Appeal affirmed the judgment in part and reversed it in part, and plaintiff applies for certiorari or writ of review. Reversed and remanded.

Burke & Smith, of New Iberia, for plaintiff.

W. T. Gilmore, of Morgan City, and Foster, Boatner & Foster, of Franklin, for Emile Angelloz, called in warranty.

C. A. Blanchard, of Morgan City, and Emmet Alpha, of Franklin, for defendant.

## Statement of the Case.

MONROE, C. J. Emile Angelloz being the owner of a certain tract of land, it was adjudicated to the state in 1899 for the unpaid taxes of 1898, was conveyed by the state to the Atchafalaya Basin levee board in 1901, was sold by that board to Dressner and others in 1902, and the timber thereon was sold by Dressner and others to plaintiff in 1907. Thereafter, claiming under an alleged conveyance from Angelloz, for which he paid $400, the defendant herein, in 1917 and 1918, cut and removed a quantity of the timber and sold part of it to the Planters' Lumber Company for the agreed price of $1,293.88, and the balance to Waddell & Williams for $1,922.01. In November, 1918, plaintiff brought this suit for the recovery of those proceeds alleging, however, that the amount due by the Planters' Lumber Company has been collected by it, and crediting defendant therewith, and also alleging that defendant is entitled to be credited with the necessary expense incidental to the cutting and pulling of the timber. Defendant set up certain constitutional questions, as affecting the title of plaintiff and its authors, from the state down, which are not here involved, and called Angelloz in warranty, and Angelloz met the call with an exception of no cause of action, which was sustained. The case then proceeded between plaintiff and defendant, and resulted in a judgment in favor of plaintiff, for $400, as the value of the standing timber removed by defendant, and in favor of defendant for $2,815.89, in reimbursement of the expense incurred by him in the cutting and removing, which amount was held to offset plaintiff's claim for the value of the timber as converted into logs and sold; and, plaintiff having appealed from that judgment, and defendant having appealed from the judgment sustaining the exception to his call in warranty, the Court of Appeal affirmed the judgment on the main demand and reversed that upon the call in warranty and remanded the case on that issue; and it is in the review of the judgment on the main demand, at the instance of plaintiff, that we are now engaged.

## Opinion.

It is conceded that defendant bought the standing timber from Angelloz, converted it into logs, and removed and sold the logs, in good faith, believing himself to be the owner, and it is equally conceded that the timber belonged to plaintiff. This is, therefore, an action in damages for trespass, and the measure of the damages to which plaintiff is entitled (unless in some way estopped) is the value of the timber taken by defendant, plus such damage as may have been inflicted in the taking. Watterston v. Jetche, 8 Rob. 20; Gardere v. Blanton et al., 35 La. Ann. 813; Shepherd v. Young, 2 La. Ann. 238; Ball & Bro. Lumber Co. v. Simmons Lumber Co., 121 La. 627, 46 South. 674, 18 L. R. A. (N. S.) 244. The petition herein alleges no other damage than the loss of the timber, and, construing the allegations with the prayer, it appears to us that none other could be awarded. Thus it alleges that defendant cut the standing timber and sold it to the planting company and Waddell & Williams for the respective amounts stated—

"both of which amounts belong to the Schwing Lumber & Shingle Company, Limited, less such necessary *expenses* as *are incident to the cutting of the timber*. That, with reference to the amount due by the Planters' Lumber Company, * * * the same has been collected by the Schwing * * * Company, * * * claiming title thereto, *and is tendered as a credit on the entire amount set forth above*, subject to the deduction of proper charges as may appear on trial hereof; the said amount being held subject to such decision as may be rendered by this honorable court, fixing the rights of the parties in interest thereto." (Italics by the writer.)

The prayer reads:

"Petitioner prays that H. H. Beckman be cited, * * * that * * * there be judgment decreeing plaintiffs to be the owners of the entire amount herein set forth from the sale to the two corporations, * * * that there be judgment against Beckman accordingly, and that he be condemned to pay unto petitioners such amount as may be due in excess of the amount received from the Planters' Lumber Company, together with 5 per cent. interest from judicial demand."

By thus demanding payment from the price, plaintiff no doubt acquiesced in the sale, and it had no other recourse, since it is plain that the timber, converted into logs, had passed into the hands of the Planters' Company and Waddell & Williams, and had probably been by them converted into lumber and again sold.

In finally praying for judgment against defendant "for such amount as may be due, in excess of the amount received from the Planters' Lumber Company," there is a recognition of the receipt by plaintiff of part of the price, and of the fact that it is not entitled to the whole price; and the prayer is unintelligible, save in the light of the admissions contained in the preceding allegations, from which it appears that plaintiff had received from the Planters' Lumber Company $1,293.88, and that it conceded that the "amount due" it, and for which it intended to pray, and does pray, for judgment, is the whole price agreed on in the sales by defendant, "less such necessary expenses as are incident to the cutting of the timber." Conceding that plaintiff is entitled to the value of the stumpage, that defendant has placed the timber itself beyond plaintiff's reach, that possibly defendant might not be able to respond to such judgment as plaintiff may obtain, and considering the fact (not hereinabove mentioned) that defendant, in his answer, acquiesces in plaintiff's holding the amount received from the Planters' Company, to abide by the decision in this case, and the most that can be said

of the prayer of the petition is that it demands more than plaintiff is entitled to, in that it demands the entire price for which defendant sold the logs, including the value of the stumpage, less only "such necessary expenses incident to the cutting of the timber"; whereas, it may be that it should have deducted the entire difference between the value of the stumpage and the price so received, which difference may include a profit earned by defendant over and above his "necessary expenses," but cannot impinge upon the proportion necessary to reimburse the value of the stumpage, which is the least that a trespasser, even though trespassing in good faith, who appropriates the timber of another, can expect to pay.

[1, 2] Our conclusion, then, is that, interpreting the prayer of plaintiff's petition with its allegations, its meaning is to claim, out of the price for which defendant sold the logs, the value of its (plaintiff's) timber, from which the logs were produced, less defendant's necessary expenses in getting out the logs, and that, if there should have been a further deduction, then plaintiff is claiming more than it is entitled to recover, but is not thereby estopped to recover that to which it may be entitled.

[3] It seems plain that from no point of view can the fact that defendant paid Angelloz $400 for the timber be relevant to the case here presented as between plaintiff and defendant. Plaintiff does not claim anything on account of that payment, and the fact that Angelloz was willing to sell timber that belonged to plaintiff and had belonged to it for more than 10 years, for $400, established no criterion by which to determine the value of the timber, as between plaintiff and defendant. The judgment in favor of plaintiff (for $400) appears, therefore, to have nothing to rest on.

The "statement," or bill, of expenditure produced by defendant, and upon the basis of

which he obtained judgment, for $2,815.89, attracts attention by the coincidence that the amount thereof is the exact amount, to a cent, of the aggregate price for which defendant sold the logs, which is so remarkable as at once to suggest a doubt as to the correctness of the figures. In addition to that, there appears upon the statement, at the head of a list, an item reading, "Labor—$1,147.92," after which are the following:

"Moving in and out with pull boat, $135.00; deadening 393 trees, at 20 cts., $78.60; felling and topping 393 cyp., at 53 cts., $208.29; felling and topping 442 tupelo, at 32½ cts., $143.-00; snipping and boring 835 trees at 7 cts., $58.45; 26 M. ft. roads for all trees, at 50 cts. per M. (?) $130.00; merchandise, provisions, etc., $359.81; wood, oil, and lub. oil, $240.00; Beckman's salary, 2½ mo., at $100, $250; wear and tear on machinery, $65.62; purchase price from Angelloz, $400.00."

From which it appears to us, in the absence of any explanation, that the labor is charged for, first, in a lump sum, and then, in detail, since the items following "$1,147.92" seem to include all the forms of labor that the work was likely to require. Again, as to the item of $1,147.92, defendant, interrogated by his own counsel, gave the following testimony:

"Q. Mr. Beckman, examine the statement filed in suit and state whether your labor bill actually cost you $1,147.92, or only $914.41?
"A. I can't answer that question until I look at my time book."

And the time book was to have been, but was not, produced. Comparing the total expenditures with the amount of timber pulled, the pulling appears to have cost about $14.50 per 1,000 feet, a price which all the witnesses testify has never before been heard of, as paid for any kind of timber, from any kind of a swamp, and of which, or a lower price, an experienced operator testifies that no one is justified in pulling at that cost, which testimony is corroborated by defendant's experience (according to his statement) since he appears to have spent, for pulling, the precise amount he received for the logs, and loses the $400 he paid for them, though he bought at the rate of about $1.60 per M., log measure. We have read, twice, the testimony of the three witnesses to whom the trial judge refers (one of whom is defendant), and, though they testify pretty strongly as to the difficulties that were encountered, it does not appear to us that they are positive, or attempted to be positive, as to the amount expended by defendant.

The attention of our Brethren of the Court of Appeal appears to have been attracted to the constitutional questions presented, and which, in an elaborate and able opinion, they have eliminated, and to the question of pleading, to which we have referred, and it is possible that the facts did not receive the attention that they otherwise would. The pleading is no doubt faulty, but not, as we think, fatally so, which is more than can be said for the judgment and we are of opinion that the case should be remanded and retried.

[4] It is therefore adjudged and decreed that the judgment here made the subject of review, as also the judgment of the district court in this case, be set aside, and that the case be remanded to the district court and tried de novo; the costs in the Court of Appeal and in this court to be paid by the defendant in the suit, with reservation of his right with respect thereto against his warrantor; the costs of the district court to await its judgment.

PROVOSTY and O'NIELL, JJ., dissent, holding that the judgment should be affirmed.