ROGERS, J.
This is the second time this matter is before this court for review. On its previous consideration the judgment of the Court of Appeal and of the district court were set aside, and the case remanded to the district court, to be tried de novo. Schwing Lumber & Shingle Co., Ltd., v. Beckman, 147 La. 1091, 86 South. 555.
The second trial was between plaintiff and defendant and the warrantor. The lower court rejected plaintiff’s demand, which necessarily let the warrantor out, and gave judgment in' reconvention against plaintiff for $1,293.88, being the amount which it had received from the Planters’ Lumber Company, with interest thereon. From this judgment an appeal was prosecuted to the Court of Appeal.
The Court of Appeal'in its first decree reversed the judgment of the district court, giving plaintiff a judgment for $400 against defendant, but failed to render judgment in favor of defendant against plaintiff for $1,-293.88 admittedly collected by plaintiff out of the proceeds of the timber sold by defendant. Upon rehearing, however, granted upon applications of both plaintiff and defendant, the court annulled and set aside this decree, and affirmed the judgment of the district court. It is this judgment of the Court of Appeal, rendered upon the second appeal, which, upon the application of the plaintiff, is now before this court for review.
We deem it unnecessary to recite the pleadings and the facts, which are fully set forth in our opinion when the ease wa? before us for review the first time.
In remanding the case for a trial de novo this court had in mind the remarkable agreement in figures between the expense bill presented by defendant and the sum total of the sales made by him, the failure of the defendant to satisfactorily explain the charge in a lump sum of $1,147.92 for labor, and the apparent double charge existing in this item and the other labor items detailed on the statement filed in evidence by the defendant. The case was sent back, in order that these matters might be cleared up and proper proof be made of the items, if such could be done. It was also held in our former opinion that the measure of plaintiff’s damages was the value of the timber' taken.
On the second trial, defendant satisfactorily answered the criticism of this court directed at the coincidence of his expense bill for removing the timber being in agreement with the total proceeds of the sale thereof, by showing that the item of $65.62 on the statement for wear and tear of machinery *913 should have been in truth and in fact set out at $200, which was approximately the correct amount, and that he had placed it at $65.62 to balance the acpount, for the reason that he could not obtain a greater sum than that in offset against plaintiff.
Defendant, on this trial, has established from his records the correctness of the charge of $1,147.92 for labor, which he was unable to do on the first trial, for the reason that said records were not at hand on that occasion. I-Ie has also cleared up the apparent charge in duplicate for labor, in first charging a lump sum and .then again in detail, by showing that the lump sum item was for labor on the pull boat, for the pull boat crew, and that the other charges were for the objects as set forth in the statement.
Eor the purpose of proving the stumpage value of the timber removed by defendant, plaintiff- placed upon the stand two witnesses. The testimony of these witnesses on direct examination, however, was of an extremely vague and indefinite character, and was completely negatived when, on cross-examination, it developed that they had never seen the land, and knew nothing whatever of the character of the land and the timber in the swamp.
Defendant also called two witnesses, one of whom, it appears, 'is one of the best qualified and most experienced timbermen in the locality. These witnesses had been on the land and had made careful surveys of this particular timber. They testified that the timber had no value whatever standing in the swamp, and could not be logged'' and sold, except at a great loss. Against this testimony, however, are the fact's as disclosed by the record, showing that the proceeds of the sale of the timber 'by defendant amounted to $3,215.89, while the cost to him of removing it was $2,815.89, representing net value of $400.
In the statement furnished by defendant-herein, credit is taken for this $400 by charging it as the amount of the purchase price from Angelloz, thereby balancing the account. This disposition of the item, however, was incorrect, as plaintiff has no concern’ or interest whatever in any amount paid to Angelloz. It is for the defendant to look to his vendor for the return of the purchase price of the thing sold, to which his vendor had no title.
In our previous opinion we set aside the judgment for $400 in favor of defendant for the reason -that the case was tried, argued, and submitted on the theory that plaintiff was claiming the entire proceeds of the sale of the timber, less the reasonable costs due the defendant for removing it from the-swamp, and was not claiming anything on account of the payment of the purchase price by defendant to his vendor. The point was not made, and it therefore escaped -the attention of the court at the time, that defendant’s profit on'-the transaction, representing the difference between the proceeds of the sale and the cost of getting the’timber out, was $400, as shown by his statement filed in the record. This fact, doubtless, was lost sight of because the amount of the profit is exactly the amount paid by defendant for his purchase of the timber, and for the further reason that defendant on his statement erroneously charged the purchase price against the proceeds realized from the sale of the property.
It may be, and doubtless was, a fact that the expense of removing the timber from the swamp was even greater than as set forth on defendant’s original statement, as is shown by the testimony that the loss by wear and tear of the machinery was nearer $300 than $65.62, as charged in the account; but inasmuch as the testimony concerning this item is indefinite and uncertaih, being merely an approximation, we are unable to allow defendant any further credit *915 thereon than the amount of $65.62 as originally claimed by him.
It is our conclusion, therefore, that the net value of the timber taken by defendant, and the consequent loss suffered by plaintiff, was $400, the profit made by defendant on the transaction, as shown by his original account filed in the record, and that plaintiff is entitled to a judgment in his favor.for said amdhnt; that defendant is entitled to judgment against plaintiff for the sum of $1,293.99, collected by plaintiff from the Planters’ Lumber Company, being amount due by said company to defendant for the purchase' price of a portion of the timber sold to it, with legal interest thereon from-August 9, 1918, the day on which said collection was made by plaintiff.
In view of the fact that Angelloz, the vendor of defendant, was not the owner of the timber sold by him, it is our further conclusion that he is liable, as warrantor, to defendant for $400, the amount of the purchase price received by him therefor.
In the interest of clarity, we have concluded to set aside the judgment of the district court and of the Court of Appeal, and to recast and render the judgment in accordance with the views herein expressed.
Eor the reasons assigned, it is therefore ordered that the judgment of the Court of Appeal herein made the subject of review, as also the judgment of the district court which was passed upon in said judgment of the Court of Appeal, be set aside; and it Is now ordered, adjudged, and decreed that plaintiff have judgment against and recover, of and from the defendant me sum of ‡400, with legal interest thereon from judicial demand, that defendant have judgment against and recover of and from the plaintiff the sum of $1,293.88, with legal interest thereon from August 9, 1918, ana that defendant have judgment against and recover of and from Emile Angelloz, warrantor, the sum of $400, with legal interest thereon from August 2, 1918. Costs in the Court of Appeal and in this court to be recovered by. defendant from plaintiff; costs in the district court to be recovered by plaintiff from defendant, and by defendant, in turn, from his said warrantor.
O’NIELL, C. J., dissents, being of the opinion the judgment should be affirmed.