No. 520

First Circuit

LEBLANC v. A. J. CHESNUT CO., INC.

(December 30, 1929. Opinion and Decree.)

Benton & Benton, of Baton Rouge, attorneys for plaintiff, appellee.

Borron & Johnson, of Baton Rouge, attorneys for defendant, appellant.

LECHE, J.  Plaintiff sues for himself individually and as assignee of Mrs. Adam LeBlanc and of Albert LeBlanc, to recover damages for the cutting of trees on three separate tracts of land belonging to the respective parties.  He prays for judgment for the value of the timber, for the cost of survey, for attorney's fees, and for punitive damages.  The action is possessory in

character, and he could therefore only be called upon to show possession as owner for over a year and a day; real ownership of the property not being an issue in the case. Several objections to the admissibility of evidence were made during the trial, and, while they might apply in a petitory action, they were properly overruled, as the action here is purely possessory.

The defendant has appealed from the judgment rendered against it, which holds it liable to plaintiff in the sum of $141.32, and plaintiff has answered the appeal and prays that the amount of the judgment be increased to the sum of $288.52.

Plaintiff's claim in damages, for cost of survey, for attorney's fees, and for punitive damages, is not seriously urged in this court, and will be ignored for not being sanctioned by any law or jurisprudence now prevailing in this state.

Defendant bought some standing timber situated in the parish of East Baton Rouge, upon land adjoining the lands upon which it is charged with having committed the trespass alleged in plaintiff's petition. The evidence shows beyond doubt that defendant did cut timber off plaintiff's lands. The amount cut by defendant is shown as is usual, and in the only manner that it could be shown, by counting the stumps and measuring their size as well as the distance to the tops lying on the ground. The preponderance of the evidence is to the effect that defendant made all reasonable inquiry as to the location of the line separating the land upon which it had bought the timber, from the land of plaintiff. Its manager inquired from its author in title, its vendor, where that line was located, and it was pointed out to the defendant's manager. This information was incorrect, but defendant had every reason to believe that it was the true line, and proceeded to cut the timber within its limit. Defendant acted in good faith, and did not realize the error until it was too late.

It was shown on the trial of the case that the true line had been fixed by a surveyor who had blazed its location upon trees, but defendant was not aware of this. Neither law nor custom compelled the defendant to engage a surveyor to trace and show the location of the line. It acted upon information which it had the right to assume as being reliable. Under these circumstances the district court properly held it responsible for the value of the stumpage only, and not for damages based on loss of profit which plaintiff might have realized if he had cut and sawed the trees into lumber. Ball & Bro. Lumber Co. vs. Simms Lumber Co., 121 La. 627, 46 So. 674, 18 L. R. A. (N. S.) 244; Sibille vs. Eastham, 136 La. 557, 67 So. 364.

We understand that the judgment appealed from only condemns the defendant for stumpage value, and we see no error therein.

The judgment of the district court is affirmed.

ELLIOTT, J., dissents, believing that the amount of the judgment should be increased.