## WILSON v. SOUTHERN RY.

1. EVIDENCE—OPINION—RAILROADS—COMMUNICATED FIRES.—A witness who had not known the land before the fire cannot testify how much it was damaged by fire communicated by locomotive.
2. CHARGE—COMMUNICATED FIRES.—Where Judge reads statute as to communicated fires to jury and the pleadings and evidence are confined to a fire set out by a locomotive, it is not error to say to jury, after proper instructions, that defendant is liable if the fire was communicated by a locomotive of defendant, "or originated within the right of way of defendant."

Before BUCHANAN, J., Richland, April term, 1902. Affirmed.

Action by G. W. Wilson against Southern Railway. From judgment for plaintiff, defendant appeals.

*Messrs. B. L. Abney* and *E. M. Thomson,* for appellant, cite: *As to the evidence ruled out:* 61 S. C., 337; Lawson on Ex. and Op. Ev., 2 ed., 469, 470-1-2-3-4; 18 Ill., 257: 38 S. C., 284. *As to the charge:* Code, 1902, sec. 2135; 24 S. C., 370; 40 S. C., 519; 31 S. C., 378; 41 S. C., 91; 3 L. R. A., 224; 37 S. C., 386; 24 S. C., 109.

*Messrs. Barron & Ray* and *J. S. Verner, Jr.,* contra (no argument furnished Reporter).

March 25, 1903.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   This action was for $150 damages, under section 2135 of the Code of Laws of South Carolina, for injuries by fire to twenty-five acres of land of plaintiff caused by sparks from the engine of defendant, on or about the 5th day of March, 1901.   The defendant interposed a general denial.   At the trial before a jury both sides to the controversy submitted testimony.   A verdict for $75 for the plaintiff was had.   After judgment was entered thereon, the defendant appealed to this Court.   The grounds of appeal—three in number—allege error, first, in regard to the testimony being refused of G. M. Bishop, one of defendant's witnesses, and second, as to an alleged error in the charge of the presiding Judge.   We will now examine allegations of error.   The text of the exceptions as to refusal to allow certain testimony is as follows :

"1. Excepts because the presiding Judge erred in refusing to allow the defendant's witness, G. M. Bishop, to testify as to the value of the twenty-five acres of land in question after the fire, or to give his estimate of the damages by said fire; whereas, it is submitted that it was competent for the said witness, although he may not have seen the land before the fire, to testify as to its value after the fire. It was further competent for him to give his estimate of the damages, which he testified he had made.

"2. Excepts because the presiding Judge erred in refusing to allow defendant's witness, G. M. Bishop, to answer the question propounded to him by defendant's counsel, to wit: 'What do you consider to be the value of the land?' whereas, it is submitted that it was perfectly competent for the witness to state the value of the land after the fire, and, after stating the facts showing its condition after the fire, give his opinion as to the value of the land after the fire.   It was further com-

petent for said witness to express his opinion as to the value of the land, especially as he had detailed the facts upon which such an opinion would be based, and it appeared that he had passed through it several times before the fire on horseback, in a buggy and had walked through it, and had also inspected the land after the fire."

It was stated by the trial Judge that the rule in this State in arriving at the amount of damage done to land by fire communicated to said land by a railroad's locomotive engine is the difference between the value of the land before the fire and the value thereof after the fire.  The appellant admits that this is the true rule in the argument submitted.  In order to see the bearing of these exceptions, the picture, so to speak, of the witness, the questions asked of him, and the true attitude of the presiding Judge to such questions, should be before our eyes.  This is a description thereof as taken from the "Case:" G. M. Bishop, a witness in behalf of defendant, sworn, says: After testifying that he was employed by defendant and was in charge of the investigation and settlement of fire claims, and had investigated this claim and examined the land in question, was asked: "By Mr. Thomson: Question. Did you make an estimate of it (the amount of the damage by fire to this land?)  A. Yes, sir; I estimated them. Q. What did you conclude was a fair and reasonable estimate?  Mr. Ray objects.  Court: He can give facts which he found, but cannot give an opinion.  The rule is, what was the value of the land before the fire and the value of it after it.  Mr. Thomson: Q. What damage has been done to the land?  Court: He cannot give his opinion, but can state item by item—what is the damage to this tree or that, and so forth, and leaving it to the jury to make up the case. He can tell how he found it, how many trees were damaged, and let it go to the jury for what it is worth.  He cannot give the value of the land unless he knew the value of it before the fire.  Mr. Thomson: Q. Had you been over this particular land before?  A. Yes, sir; I passed through it, had never been over it.  Q. In passing through it, did you

take any notice of the character of the land? A. I cannot say I took any special notice; I had passed through it several times before the burning. By the Court: Q. On the train? A. No, sir; horseback and in a buggy, and had walked through it. By Mr. Thomson: Q. You have had pretty wide experience as to the value of the land in that immediate section? A. Yes, sir. Q. What do you consider to be the value of the land? The Court: He cannot give the value of the land unless he knew it before the fire; the witness is telling frankly what he knows about it before the fire; he does not say he knows the land; he can state facts but cannot give his opinion. Mr. Thomson: We have appraisers who are going to testify in regard to the damage. The Court: The question is, whether or not a man not knowing the land, whether he can testify as to its value now, not knowing it before the fire; it is giving an opinion—he cannot do it." The witness admitted that he had only passed *through* plaintiff's land on horseback, or in a buggy, or in walking. He did not know the land by having gone all over it. If, as we have before remarked, that the true test of the damages by fire to the land was the difference of its value before the fire and its value after the fire, and the witness, Bishop, did not pretend to be able to state its value *before the fire,* how could he know or be allowed to state what the value of the land was before the fire and how much it was injured? It would be purely a guess on his part—the expression of a mere opinion. The trial Judge was correct in confining his answers to the facts as to what the injuries to the trees, the fences and so forth injured by the fire were. This is purely a theoretical difficulty; for Mr. Thomson, the defendant's attorney, very frankly admitted to the Judge in his argument that he had witnesses "appraisers who were going to testify in regard to the damage." "Opinions are never received, if all the facts can be ascertained and made intelligible to the jury, or if it is such as men in general are capable of comprehending and understanding. The ordinary affairs of life cannot be the subject of expert testimony." 7 A. & E.

Ency. of Law, at page 493.    To the same effect is the ruling
of this Court, in *State* v. *Summers,* 36 S. C., 479, 15 S. E.,
369.    We will not longer dwell upon these matters, and the
exceptions here considered are both overruled.

We will next consider the alleged errors in the Judge's
charge.    The text of those exceptions is as follows:

"3. Excepts because the presiding Judge erred in charging
the jury as follows: 'If you come to the conclusion that this
land was burnt, as charged in the complaint, then your next
inquiry will be whether or not it was injured by the
fire communicated by a locomotive engine of the de-
fendant company or a fire originating within the
limits of the right of way of the road.    If it did, the plaintiff
is entitled to receive whatever damages you think he is en-
titled under the evidence.'    The error consisting: (1) In
charging that plaintiff could recover if the fire was communi-
cated by a locomotive engine of the defendant company 'or by
a fire originating within the limits of the right of way of the
road;' whereas, it is submitted that the action being brought
under the statute (sec. 1688, Rev. Stat. 1893), and the com-
plaint having specifically alleged that the fire was communi-
cated by a locomotive engine of the defendant, with no other
allegation therein as to the origin of the fire, plaintiff should
have been restricted to the allegations of the complaint and
allowed to recover only for a fire communicated by a locomo-
tive engine, and should not have been allowed to recover for
any fire originating within the limits of the right of way
except such as may have been proved to have been communi-
cated by a locomotive engine.

"2. Because said charge was not in accordance with the
statute, in that it did not limit fires originating within the
limits of the right of way to such as originated 'in conse-
quence of the act of any of its (the railroad's) authorized
agents or employees.' "

We cannot sustain these exceptions.    The Circuit Judge
read to the jury the exact language of the statute.    This
section is as follows: "Every railroad corporation shall be

responsible in damages to any person or corporation whose buildings or other property may be injured by fire communicated by its locomotive engines, or originating within the limits of the right of way of said road, in consequence of the act of any of its authorized agents or employees, except in any case where property shall have been placed on the right of way of such corporation unlawfully or without its consent, and shall have an insurable interest in the property upon its route for which it may be so held responsible, and may procure insurance thereon in its own behalf." This section of our statutory law has already been construed by this Court. See *Thompson* v. *R. R. Co.,* 24 S. C., 370; *McCandliss* v. *R. R. Co.,* 38 S. C., 103, 16 S. E., 429; *Rogers* v. *R. R.,* 31 S. C., 378, 9 S. E., 1059; *Hunter* v. *R. R.,* 41 S. C., 91; 19 S. E., 197. Now, the Circuit Judge had read the entire section to the jury, but he was very careful to tell them that they could find damages for the fire set out by the sparks from the engine, as the complaint only covered injuries from that source. The testimony was confined to this issue. No harm could result to the railroad company from any other source. This is what governed the jury. These exceptions must be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.