## 11344

### HALL v. SEABOARD AIR LINE RY. CO.

#### (119 S. E., 910)

1. EVIDENCE—TESTIMONY OF WITNESS MAKING INSPECTION TWO YEARS AFTER FIRE AS TO DAMAGES TO WOODLAND ADMISSIBLE—In an action against a railroad under Civ. Code 1922, § 4910, for damage by fire to woodland, testimony of witnesses, who saw the premises for the first time two years after the fire as to the number of trees damaged and their estimate of the damage per acre, was admissible.

2. DAMAGES—MEASURE OF DAMAGES FOR LOSS BY FIRE OF PROPERTY HAVING NO VALUE UNLESS CONNECTED WITH THE PREMISES.—WHERE property on one's premises, that is essentially connected with the premises, and has value only by reason of that connection, such as fruit and ornamental trees, the young growth of forests, etc., is affected by fire, the measure of damages is the injury to the premises as a whole, which would be fixed by ascertaining the difference between the value of the entire premises before and after the fire.

3. DAMAGES—MEASURE OF DAMAGES FOR LOSS BY FIRE OF PROPERTY HAVING VALUE WHEN SEPARATED FROM PREMISES.—Where property on one's premises that has a value independent and separate from the premises as such, such as buildings, fences, merchantable timber, etc., is affected by fire, the measure of damages is the independent and separate value of the property actually destroyed or damaged, and the injury beyond replacement, if any, to the premises as a whole.

4. DAMAGES—GENERAL RULE AS TO DAMAGES FOR PROPERTY LOSS BY FIRE.—An owner can recover for property destroyed or damaged by fire such damages as will restore him to the same property status that he occupied before his property was burned.

5. EVIDENCE—OPINION ESTIMATE AS TO AMOUNT OF LOSS BY FIRE NOT LIMITED TO WITNESSES WHO HAD SEEN PREMISES PRIOR TO FIRE.—In an action against a railroad company under Civ. Code 1922, § 4910, for damage by fire to woodland, opinion estimate as to the amount of the loss, based on inspection of the premises after the fire, and a count of the damaged trees and their condition, should not be limited to witness who had seen the premises before the fire.

Before SHIPP, J., Darlington, November, 1922. Reversed and remanded.

Action by J. H. Hall against Seaboard Air Line Railway Co. Judgment for plaintiff and defendant appeals.

*Messrs. Dargan & Paulling,* for appellant, cite: *Evidence may be weak but competent:* 22 C. J., 192, Sec. 157.

*Mr. F. A. Miller,* for respondent, cites: *Exceptions too general for consideration:* 52 S. C., 474; 48 S. C., 434; 44 S. C., 373; 43 S. C., 99; 42 S. C., 281; 90 S. C., 473; 65 S. C., 96; 114 S. C., 332; 116 S. C., 375; 116 S. C., 436; 100 S. C., 47; 116 S. C., 159; 99 S. C., 217; 95 S. C., 385; 2 R. C. L., 164; 11 Am. Cas., 934; 3 C. J., 1370. *Opinion based on facts within knowledge of witness:* 61 S. C., 336; 10 S. C., 70; 25 S. C., 26; 87 S. C., 298.

November 16, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for $500 damages on account of alleged injury to 10 acres of woodland by fire communicated in violation of Section 4910, Vol. 3, Code of Laws 1922.

The case was tried before Circuit Judge Shipp, and a jury, which rendered a verdict for $500 in favor of the plaintiff; upon motion for a new trial the Circuit Judge reduced the verdict by order *nisi* to $275.

From the judgment entered upon the verdict so reduced, the defendant has appealed upon the sole ground that the Circuit Judge erred in holding that defendant's witnesses could not testify as to the difference in the value of plain-

tiff's land before and after the fire, and in excluding their testimony, upon the ground that the witnesses had not seen the land before the fire.

No question is raised upon the appeal affecting the liability of the defendant for some damages; the sole matter involved is a question of evidence affecting the *quantum* of damages.

The Circuit Judge very properly allowed the witnesses for the defendant to testify, although they had not seen the land before the fire, that they had made an inspection of it after the fire, counted the damaged trees standing and on the ground, and estimated the damages at from $5 to $7.50 per acre, holding that the fact that they had not seen the land before the fire and had made the inspection and estimate two years thereafter, was a matter for the consideration of the jury, as possibly affecting the reliability of their testimony. But, when it was attempted to prove by these witnesses the difference between the value of the entire tract before and after the fire, the evidence was excluded upon the ground that the witnesses had not seen or known the land before the fire, and were not in a position to compare the relative values.

The Circuit Judge was evidently of the opinion, as he subsequently charged the jury, that the measure of damages under such circumstances, in all instances, was "the difference in the value of the land immediately before and after the fire."

A moment's reflection will convince one that, as a universal rule, this is a cumbersome and unsatisfactory method of ascertaining the damages, and in some instances an unfair one. Property upon a man's premises, affected by fire, is of two distinct classes: (1) That which is essentially connected with the premises and has value only by reason of that connection, such as fruit trees, ornamental and shade trees and shrubs, the young growth of a forest, hedge, grass, and the like; (2) that

which has a value independent and separate from the premises as such, such as buildings, fences, merchantable timber, corded or cut wood, and the like, the loss or damage to which is capable of practically exact estimation.

As to the first class, it is manifest that it would be unfair to the owner to estimate his damages upon the basis of the value of the actual property destroyed, or damaged, and that the only fair measure is the injury to the premises as a whole, which would be fixed by ascertaining the difference between the value of the entire premises before and after the fire.

And so in the second class it would be manifestly unfair and unnecessary to invoke the cumbersome and uncertain method of ascertaining the difference in value of the premises before and after the fire; a method fraught with speculative opinions, and resorted to in the other class only from the necessities of the case. The simpler and fairer method to determine the independent and separate value of the property actually destroyed or damaged and the injury beyond replacement, if any, to the premises as a whole.

"Stated abstractly the rule is that an owner is entitled to recover just compensation for the property destroyed (or injured) or in other words, such an amount as will restore him to the same property status (that) which he occupied before his property was burned." 3 Elliott, R. R. (3d Ed.), § 1763.

The difficulty is in applying the proper method of ascertaining this compensation. It is obvious that the method to be adopted will depend upon the nature of the property destroyed, its location, and other attendant circumstances.

As is said in 3 Elliott on R. R. (3d Ed.), § 1763:

"There are two kinds of property which may be destroyed or injured, personal and real, and when real property is destroyed or injured the property may be such a part of the real estate as to have a separate and independent value of itself, or it may be such that its value can only be deter-

mined by taking into consideration the entire value of the real estate of which it forms a part. When the thing destroyed is personal property, or such a part of realty that it has a value separate and apart from the soil on which it stands or with which it is connected, the rule for determining the measure of damages is generally the same. In such cases if the property is totally destroyed, the measure of damages is the market value at the time and place of its destruction, and if only partially destroyed the measure of damages is the difference between the market value and the value after the injury. * * * When the property destroyed or injured is so closely connected with the real estate on which it stands or to which it is attached, that it has no value separate and independent of the real estate, or the injury is to the soil itself, the measure of damages is the difference in value between the real estate before the injury and after it."

In 2 Thomp. Neg. (2d Ed.), 1262, it is said:

"For the purpose of actions for injuries through negligence, many things which are attached to the realty and a part of it, such as fruit trees, houses, timber, etc., are considered separate and distinct from it, because they have a value which is distinct from the value of the land before and after the injury. Therefore, where buildings, trees, crops, etc., are destroyed or injured, the proper measure of damages is not the difference in the value of the land before and after the fire, but of the buildings, trees, etc., themselves; and when buildings are destroyed by fire, the proper measure of damages is the value of the buildings when destroyed."

The distinction is elaborately discussed and fully illustrated in an interesting opinion by Justice Parker in the case of *Dwight v. Railway Co.,* 132 N. Y., 199; 30 N. E., 398; 15 L. R. A., 612; 28 Am. St. Rep., 563. In that case the plaintiff sued for damages by fire to his fruit trees and standing grass. The trial Judge rejected the rule of differ--

ence in value as above referred to, and confined the plaintiff to evidence of the value of the property destroyed. Upon appeal the judgment below was reversed upon the ground that the fruit trees and standing grass had no independent and separate value, and that the rule of difference in value should have been applied. The opinion contains many illustrations of the proper application of the difference in value rule, as, for instance, the destruction of growing crops, undeveloped growing timber, shade and ornamental trees. In reference to merchantable timber it is stated: "Where timber forming a part of a forest is fully grown, the value of the trees taken or destroyed may be recovered"; and the same rule is applied to nursery trees grown for market, coal, and other property where the value of it can be separated from the soil and a recovery therefor will adequately compensate the owner.

In *Matthews v. Railway Co.,* 142· Mo., 645; 44 S. W., 802, the plaintiff sued for damages on account of the burning of his barn by sparks from the defendant's engine. The plaintiff claimed that he was entitled to the value of the destroyed building. The defendant contended for the difference in value rule. The Court held:

"But we think this rule [difference in value], in order to reach just results, can generally be applied only to cases in which the injury is done to the real estate itself, as distinguished from injury or destruction of what may be erected or grown upon it, as fences, buildings, crops, etc. In such case the owner is entitled to reimbursement for the loss he suffers and it is very manifest that the difference between the value of the real estate before, and its value after, the injury would not generally afford a fair rule for measuring the damages."

As the Court remarks, it is conceivable that the destroyed structure detracted from the value of the premises, as, for instance, a cheap shack upon a business lot, and would depreciate its salable value to the extent of the cost of re-

moving it.   And, we may add, the presence or absence of a structure may have made no difference at all in the market value of the premises.   In either of which cases the application of the difference in value rule would deprive the owner of all compensation, when he would clearly be entitled to be reimbursed for his loss.

In 3 Suth. Damages, § 1015 (3d Ed.), it is said:

"If the thing destroyed, although it is a part of the realty, has a value which can be accurately ascertained without reference to the soil on which it stands, or out of which it grows, the recovery may be had for the value of the thing thus destroyed, and not for the difference in the value of the land before and after such destruction."

In the case at bar the plaintiff complained of the destruction of growing timber, young pines, pine straw, lightwood and surf.   (The last item obviously intended for turf; otherwise there is presented a remarkable depredation of the sea and an equally remarkable igneous power of the sparks.)

Under the pleadings and evidence therefore, the Circuit Judge, in this particular case, applied the proper measure of damages, as declared in *Dent v. Railroad Co.*, 61 S. C., 329; 39 S. E., 527.

The evidence allowed by the Circuit Judge of the damage per acre, based upon an actual count of the damaged trees, was admissible as tending to establish the diminished value of the entire premises, and as a basis of fact for the opinion estimate of the witnesses.   Why this opinion estimate, based upon inspection of the premises after the fire and an actual count of the damaged trees and their condition, should have been limited to witnesses who had seen the premises before the fire, we do not see.   The test of the competency of a witness upon such matters is his possession of knowledge which involves a rational inference from adequate data.   1 Wig. Ev. (1st Ed.), § 619.   That a witness who makes an examination of a damaged piece

of property has not adequate data to form an opinion as to the value of such property in an undamaged condition, without having seen it in such undamaged condition, is against common experience and every day tests.

Could a builder form no estimate of the value of a house before a fire which partially damaged it, without having seen it before the fire, or appraisers the value of a damaged stock of goods? We know that this is resorted to almost every day in insurance losses. Could a horse or cattle man form no estimate of the value of stock injured without having seen it before the railroad damaged it? We know that the practice prevails constantly. It is common practice in just such cases as this, and, in condemnation proceedings to send the jury out to view the locus. They go to inspect the damaged premises and to act upon the impressions formed, although many and perhaps all of them have never seen the premises before. Shall these impressions be limited to the jurors who have known the premises before? We know it to be common practice, in cases of disputes between owners and lumbermen, after the timber has been cut, to send surveyors on the land to estimate from the stumps the quality of lumber manufactured. Shall they be limited to men who have seen the standing timber?

As the Circuit Judge held in reference to the estimated damages per acre, the fact that the witnesses had not seen the land before the fire, and had not made their inspection until months after the fire were matters affecting the reliability of their testimony, and not its admissibility.

It is obvious that the ruling of the Circuit Judge materially affected the force of their testimony upon the estimated damage per acre, which was admitted.

We are aware that these conclusions are in direct antagonism to the decision in *Wilson v. Railroad Co.,* 65 S. C., 421; 43 S. E., 964, which was wrongly decided, and should be overruled.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MESSRS. JUSTICES WATTS and MARION concur.

MR. JUSTICE FRASER (dissenting): I cannot concur with Mr. Justice Cothran in his opinion in this case. *Wilson v. Railway Co.,* 65 S. C., 421; 43 S. E., 964, is binding authority. Unquestionably this Court had the right to overrule a case that has erroneously stated the law. Whether the measure of damages is the value of the thing destroyed or the difference in value before and after the fire is, in my judgment, immaterial in this case. It is just as impossible for a witness to estimate the actual as the comparative values, when the value of the thing destroyed is not known. For this reason the iron safe clause is put into policies insuring merchandise and valued policies are required for houses. Stumpage in timber transactions is by no means a guess. The stump, the top, and the distance between the two affords those who understand the matter a reasonably certain basis of calculation.

I am bound by *Wilson v. Railway,* and therefore dissent.

MR. CHIEF JUSTICE GARY dissents.