**W. A. MADDOX et al., Appellants,**

**v.**

**CUMMER–GRAHAM COMPANY, Appellee.**

**No. 6786.**

Court of Civil Appeals of Texas.

Texarkana.

March 24, 1955.

Rehearing Denied April 21, 1955.

Hardy Moore, Paris, Austin Guest, Clarksville, for appellants.

B. F. Edwards, Clarksville, O. B. Fisher, Paris, for appellee.

DAVIS, Justice.

Appellants-plaintiffs, W. A. and W. V. Maddox, sued appellee-defendant, Cummer-Graham Company, to recover damages for the wrongful cutting of certain kinds of timber upon 3,500 acres of land in Red River County, Texas, and for damages to the fences around and on said land. The parties will be referred to as in the trial court.

Defendant had acquired a timber deed or bill of sale in compliance with Article

7363a, R.C.S., Vernon's Ann.Civ.St., to all cottonwood, willow, ash, hackberry and sycamore timber upon the aforesaid land by deed dated July 13, 1949, from the then owner of said land, Roy Jones and wife, Bessie Jones. The timber deed conveyed only the specific timber named therein, and no other. Subsequently, on October 26, 1950, Roy Jones and wife conveyed said land to plaintiffs. Plaintiffs knew of the timber deed and made no objection to the cutting of the specific timber named in the deed.

Plaintiffs alleged alternative measures of damages, as to the timber; that is, damages for the manufactured value of the timber and damages to the value of the land.

Trial was to a jury. Plaintiffs never did elect which of the two remedies they would rely upon until they filed their motion for judgment non obstante veredicto. At that time they asked for judgment for the manufactured value of the timber taken plus the damages to the fences as found by the jury.

It was admitted that some elm and gum timber was cut from the land that was not included in the timber deed. The amount cut and the value thereof was stipulated as follows:

"It Is Stipulated and Agreed between Plaintiffs and Defendant that the gum timber was 10,991 feet and elm lumber 35,147 feet. It is stipulated that the value in the stump of elm was $4.00 per thousand board feet and the gum $5.00 per thousand board feet, and that the manufactured value of both in Red River County at the time it was sawed into lumber as testified to by witness, John Crain, was $40.00 per thousand feet."

There were seven special issues submitted to the jury, but we have concluded, after careful examination of the record, that the only issue which should have been submitted was the one which inquired as to the damages to the fences. To that issue the jury found $250.

Defendant, by one of its witnesses, tried to establish that it thought it had a right to cut the gum because Roy Jones had told them orally that it would be all right for them to do so. This testimony was inadmissible as hearsay as to plaintiffs and for the further reasons that there was no pleading of such fact as a defense, or that plaintiffs had any notice of such agreement. And, still further, such agreement would be in violation of Article 7363a.

There was no admissible evidence of any probative force to justify the submission of damages to the value of the land. Therefore, the only issue for this Court to decide is the proper measure of damages for plaintiffs: (1) The stump value of the timber cut; or (2) the manufactured value of such timber.

By way of explanation, we further state that after the jury had returned its verdict, the trial court granted plaintiffs' motion for judgment non obstante veredicto for the manufactured value of the timber plus the damages to the fences with interest from date of judgment. Then later, on his own motion, the trial judge set the judgment aside and rendered judgment for plaintiffs for the stump value of the timber, plus the damages to the fences with interest from March 1, 1951.

Plaintiffs bring forward two points of error. Point one complains of the action of the trial court in setting aside the original judgment for the manufactured value of the timber. With this contention we agree. We find from the record that the defendant was a trespasser as a matter of law when it cut the elm and gum timber. The timber deed did not include elm and gum timber. Therefore we find that plaintiffs are entitled to the manufactured value of all timber cut, 46,138 feet at $40 per thousand feet, or $1,845.52, plus the damages to the fences as found by the jury $250, with interest thereon at the rate of

776

6% per annum from March 1, 1951. This holding is supported by the following authorities: Kirby Lbr. Co. v. Temple Lbr. Co., 125 Tex. 284, 83 S.W.2d 638; Eaton v. Langley, 65 Ark. 448, 47 S.W. 123, 42 L.R.A. 474; Burbridge v. Bradley Lbr. Co., 218 Ark. 897, 239 S.W.2d 285; also Article 7363a, R.C.S.

The defendant being a trespasser as a matter of law, it was not entitled to the expenses of cutting and manufacturing said timber into lumber. Neither did it plead or prove such expense as a defense to any recovery in the suit. Right of Way Oil Co. v. Gladys City Oil, Gas & Mfg. Co., 106 Tex. 94, 157 S.W. 737, 51 L.R.A.,N.S., 268; Bender v. Brooks, 103 Tex. 329, 127 S.W. 168; Kelvin Lbr. & Supply Co. v. Copper State Mining Co., Tex.Civ.App., 232 S.W. 858, writ dis.; Barnes v. Winona Oil Co., 83 Okl. 253, 200 P. 985, 23 A.L.R. 189. Point one is sustained.

What we have said hereinabove disposes of point two and sustains the same, and is supported by the authorities cited.

■ Appellants concede that there can not be a double recovery for the value of the timber and damages to the value of the land by the taking of such timber. But they are entitled to their choice. Stephenville N. & S. T. Ry. Co. v. Baker, Tex. Civ.App., 203 S.W. 385; Shell Pipe Line Corp. v. Svrcek, Tex.Civ.App., 37 S.W.2d 297.

We call attention to the fact that in the original judgment an erroneous figure was used in calculating the total manufactured value of the timber cut as shown by the stipulation. We have corrected that error.

For the reasons hereinabove pointed out, the judgment of the trial court is reversed and judgment is here rendered for appellants for the total sum of $2,095.52 with interest thereon at the rate of 6% per annum from March 1, 1951, and it is so ordered.