CUMMER-GRAHAM COMPANY v. W. A. MADDOX ET AL

No. A-5321. Decided January 18, 1956.
(285 S.W. 2d Series 932)

*B. F. Edwards,* of Clarksville, and *O. B. Fisher,* of Paris, for petitioner.

The Court of Civil Appeals erred in holding that plaintiffs, are entitled to recover from defendant the manufactured value of all timber cut by petitioner. Texas & N. O. R. R. Co. v. Jones, 34 Texas Civ. App. 94, 77 S.W. 955; Kirby Lumber Co. v. Temple Lumber Co., 125 Texas 284, 83 S.W. 2d 638; Burbridge v. Bradley Lumber Co., 218 Ark. 897, 239 S.W. 2d 285.

*Austin Guest,* of Clarksville, and *Hardy Moore,* of Paris, for respondents.

Cited in response to petitioner's point, Right of Way Oil Co. v. Gladys City Oil Gas Mfg. Co., 106 Texas 94, 157 S.W. 737, 51 L.R.A. 268; Barnes v. Winona Oil Co., 83 Okla. 1253, 200

Pac. 985, 23 A.L.R. 189; Bender v. Brooks, 103 Texas 329, 127 S.W. 168.

MR. JUSTICE CULVER delivered the opinion of the Court.

The question here concerns the measure of damages to be allowed the landowner for standing timber cut and sawed into lumber by one who honestly believed he had a right to so do.

The trial court rendered judgment for the landowner based on stumpage value or in other words the market value of the standing timber at the time it was cut. The Court of Civil Appeals reversed and rendered, holding that the landowner was entitled to be compensated for the value of the lumber sawed from his trees. 277 S.W. 2d 774.

The facts may be summarized rather briefly. Cummer-Graham Company, petitioner here, acquired title to certain soft wood timber from the owner, Jones, of a large tract of land. Thereafter Jones conveyed the land to Maddox, the respondent.

Acting in good faith under a claim of right petitioner, through its agent and contractor, felled and sawed into lumber certain elm and gum timber not included in its timber deed, but in fact belonging to respondents. The following stipulation was filed.

"It is stipulated and agreed between Plaintiffs and Defendant that the gum timber was 10,991 feet and elm lumber 35,147 feet. It is stipulated that the value in the stump of elm was $4.00 per thousand board feet and the gum $5.00 per thousand board feet and that the manufactured value of both in Red River County at the time it was sawed into lumber as testified to by witness, John Crain, was $40.00 per thousand feet."

The Court of Civil Appeals in allowing the landowner the value of the manufactured timber did so on the theory that petitioner was a trespasser "as a matter of law," presumably guilty of a willful and intentional trespass. But the testimony as to the oral agreement between petitioner and Jones was admissible for the reason that it bore upon the good faith belief on the part of the petitioner that he was entitled to cut the timber and it was so limited by the trial judge. In fact respondents concede petitioner's good faith. Much has been written on this subject and the authorities are not at all uniform.

■ In Arkansas the landowner whose timber has been cut and sawed into lumber by someone acting under an honest but mistaken belief of ownership is entitled to recover the lumber or its value less processing costs. Eaton v. Langley, 65 Ark. 448, 47 S.W. 123, 42 L.R.A. 474.

In Burbridge v. Bradley Lumber Co., 218 Ark. 897, 239 S.W. 2d 285, the court follows the rule announced by the Eaton case and discusses fully other Arkansas cases, some expressing a contrary view.

We are of the opinion that in Texas the question is ruled by Kirby Lumber Co. v. Temple Lumber Co., 125 Texas 284, 83 S.W. 2d 638. There Judge Critz reviewed at length many of the leading authorities. The respondent says of that case:

"[It] does seem to hold that the 'innocent' trespasser is liable only for the value of the article at the time it was taken. The fact is, however, that the question now presented was not raised in the Kirby Lumber Company case, nor is the question foreclosed by that decision, * * * ."

In the trial court Kirby Lumber Company obtained a judgment for the value of the finished lumber cut from trees by Temple Lumber Company. That judgment was reversed and rendered by the Court of Civil Appeals. This court set aside both judgments below and allowed Kirby Lumber Company to recover only the stumpage value instead of the manufactured value for the reason that the Temple Lumber Company acted in good faith and without malice, actual or implied. It is true in that case that the parties were cotenants, but we think what the court has said applies with equal force here though the petitioner is denominated an innocent "trespasser" instead of a "cotenant." Judge Critz cites with approval Louis Werner Stave Co. v. Pickering, 55 Texas Civ. App., 632, 119 S.W. 333, quoting at length from the opinion by Judge Pleasants. In that case, as in this, the cutting of the trees resulted from an innocent and unintentional trespass. The felled timber had been processed into staves. The landowner was relegated to the value of the timber when first appropriated. Other cases to the same general effect are cited and analyzed in the Kirby Lumber Company opinion, namely, Young v. Pine Ridge Lumber Co., Texas Civ. App., 100 S.W. 784; Texas & N. O. R. Co. v. Jones, Extrs., 34 Texas Civ. App., 94, 77 S.W. 955; DeWitz v. Saner-Whiteman Lumber Co., Texas Civ. App., 155 S.W. 980, as well as decisions from other jurisdictions.

The analogy is further borne out by the similarity recognized by Judge Critz between the facts of that case and the one here under consideration, for he says:

"* * * In other words, the authorities seem to recognize the fact that the issue of trespass may be involved where one cotenant ousts another cotenant, and claims adversely to him. It seems to us that in such instances the cotenant ousting his cotenant should be classed as a trespasser. * * * ." [Kirby L. Co. v. Temple Lbr. Co., 125 Texas 284, 83 S.W. 2d. 638.]

The Court of Civil Appeals in Martin v. J. S. Hunt Lumber Co., Texas Civ. App., 180 S.W. 2d 956, under facts very similar, cited and followed Kirby Lumber Co. v. Temple Lumber Co., supra, holding that where one in good faith, believing he has a right so to do, cuts timber upon the land of another, he can be held in damages to no more than the value of the timber at the time it was cut and will not be awarded the value of the manufactured lumber. To the same effect is Martin et al v. Grogan-Cochran Lumber Co., Texas Civ. App., 176 S.W. 2l 780.

In Vol. 3, Sedgwick on Damages, at p. 1927, the rule is stated to be:

"But where the defendant acted in good faith the plaintiff, according to the doctrine now prevailing, is entitled to recover only the value of the trees in situs, that is the stumpage, together with compensation for any injury to the land."

The text cites the argument made for this rule in Foote v. Merrill, 54 N.H. 490, 491:

"Had the defendant set fire to plaintiff's trees and destroyed them the measure of damages would have been their value as they stood on the land; and we cannot say that he justly ought to pay any more for cutting and removing them than destroying them, nor that the plaintiff ought to receive any more in one case than in the other."

This rule is followed in J. F. Ball & Brother Lumber Co. v. Simms Lumber Co., 121 La. 627, 46 So. 674, 18 L.R.A., N.S., 244.

The holdings of our Texas courts seem to be uniform in respect to this rule. Pettit v. Frothingham, 48 Texas Civ. App. 105, 106 S.W. 907, no writ; Bayle v. Norris, 134 S.W. 767, writ

ref., and DeWitz et al v. Saner-Whiteman Lumber Co., Texas Civ. App., 155 S.W. 980.

In White v. Smyth, 147 Texas 272, 214 S.W. 2d 967, 5 A.L.R. 2d 1348, a cotenant, even though he had not appropriated more than his undivided interest in the asphalt rock in place, was held to be liable to the other cotenants for their percentage of the profits in the manufactured road material. It could well be argued that no heavier legal obligation should be imposed on a cotenant than under an innocent trespasser and that the holding in the Smyth case inferentially conflicted with and overruled that of Kirby Lumber and this view was strongly urged in the dissenting opinion of Justice Simpson, joined by three other members of the court. However, the majority does make what is called the "important distinction" between the two cases in that the timber over the land in Kirby Lumber was generally of uniform value and subject to partition in kind, whereas in the Smyth case the rock asphalt was not.

For yet another reason the Smyth case does not seem to be controlling here. The landowner is not given the right of an accounting against the innocent trespasser. As said in United States v. Bitter Root Development Co., 200 U.S. 451, 478, 50 L. Ed. 550, 563, 26 Sup. Ct., 318, 327, a case involving the value of certain timber alleged to have been wrongfully cut and appropriated, "we do not think that this is any such case as gives a court of equity jurisdiction because of an accounting being necessary. There are no accounts between the parties. The cause of action is one arising in tort, and cannot be converted into one for an account. The case made is a plain trespass, for which the defendants are liable in damages."

At any rate we see no reason to disturb the well settled rule in our jurisdiction that stumpage value is the proper measure of damages in a case of this kind.

Respondent relies on Right of Way Oil Co. et al v. Gladys City Oil, Gas & Mfg. Co., 106 Texas 94, 157 S.W. 737; Bender v. Brooks, 103 Texas 329, 127 S.W. 168, 170. Both of these cases had to do with the production of oil by persons who operated under the mistaken though good faith belief of right.

In Bender v. Brooks Judge Brown quoted the following rule as being applicable to those facts:

" 'It is the prevailing rule that in an action for unlawfully

working a mine and extracting coal or ore therefrom, if the taking was not a willful trespass, but was the result of an honest mistake as to the true ownership of the mine, the measure of damages is the value of the coal or ore as it was in the mine before it was disturbed. The recovery in such case is limited first by the value of what is taken, and second by the cost of mining, extraction, and hoisting to the surface or delivering at the pit's mouth.' "

And what Judge Brown means to say, we think, is that the value of the oil in the ground is to be determined by the value when hoisted to the surface less the cost of the hoisting. We think therein lies the distinction between the latter two cases and the Kirby Lumber Company case. As respondent observes, these two cases were not cited by the author of Kirby Lumber Company though written 25 years earlier.

By counter point respondent urges that at any rate he is entitled to a judgment based on the verdict of the jury fixing his damages at $5.00 per acre. Considerable testimony was admitted on this feature of the case and reviewed somewhat in detail in respondent's brief. The jury found that elm and gum were cut off of 300 acres of respondent's land which was thereby damaged to the extent of $5.00 an acre.

■ Respondent says that he was entitled to choose either measure of damages and that in any event he should be allowed a judgment based on the verdict, citing Shell Pipe Line Co. v. Svrcek, Texas Civ. App., 37 S.W. 2d 297; Stephenville N. & S. T. Ry. Co. v. Baker, Texas Civ. App., 203 S.W. 385.

As said in Pacific Express Co. v. Lasker Real Estate Ass'n., 81 Texas 81, 16 S.W. 792, 793, "The purpose, in every case, is to compensate the owner for the injury received, and the measure of damages which will accomplish this in a given case ought to be adopted." This is not to say that under some circumstances the landowner's damage in a tree cutting case would not be measured by depreciation in market value of the land, but under the facts here it would seem that respondent is amply compensated for his damage when he is paid the market value of the timber before it is cut.

Judgment was rendered "non obstante veredicto" by the trial court. We think the Court of Civil Appeals [277 S.W. 2d 775] correctly held that "there was no admissible evidence of any probative force to justify the submission of damages to the

value of the land." This is so for the reason that in addition to the severed timber the only other damage to the land alleged was the destruction of some fences. The value of the fencing destroyed was found by the jury to be in the sum of $250.00 and this amount was included in the judgment.

The rule generally is, we think, as stated in Grell v. Lumsden, 206 Iowa 166, 220 N.W. 123, 125:

"* * * 'If the thing destroyed or removed from real property, although a part thereof, has a value which can be accurately measured or ascertained without reference to the soil on which it stands, the recovery is the value of the thing thus destroyed or removed, and not the difference in the value of the land. * * *.' "

On the other hand if the trees have only a value with reference to the land such as for the purpose of shade or ornamentation or if they be fruit trees or young growth which has no market value, then the proper measure of damage would be the difference in the value of the land before and after. Hall v. Seaboard Air Line R. Co., 126 S.C. 330, 119 S.E. 910, 33 A.L.R. 292; Norfolk & W. R. Co. v. Richmond Cedar Works, 160 Va. 790, 170 S.E. 5; Miniard v. Napier, 167 Ky. 208, 180 S.W. 363; Coody v. Gress Lumber Co., 82 Ga. 793, 10 S.E. 218. See generally 161 A.L.R. p. 549 et seq.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed in all things.
Opinion delivered January 18, 1956.

Associate Justice Smith dissenting.