Lelah E. POLK, a Feme Sole, Appellant,

v.

C. S. COLEMAN et al., Appellees.

No. 3926.

Court of Civil Appeals of Texas.

Waco.

Nov. 9, 1961.

Rehearing Denied Nov. 30, 1961.

Cooper K. Ragan, John L. Russell, Houston, for appellant.

McClain & Harrell, Conroe, for appellees.

WILSON, Justice.

Appellant sought an injunction against appellees and the recovery of damages for wrongful cutting and removal of timber from her land. She executed a timber deed selling and conveying to one of appellees "all of the pine saw log timber 10 inches in diameter and larger at the stump, and all of the pine pulp wood timber 8 inches and larger at the stump, and all of the hardwood timber (except magnolia) 12 inches in diameter 10 inches above the ground, and larger, at the time when cut hereunder" growing on her land.

Appellant did not seek to reform or set aside the deed, but pleaded various representations alleged to have been made to her by grantee as to its contents and meaning. She alleged and here contends the quoted instrument gave no right to cut pine timber (as distinguished from hardwood) less than 8 inches in diameter, measured at a point 10 inches above the ground. Appellees contended the instrument was clear and unambiguous, that parol evidence was not admissible to vary its terms or to aid in construction. Over appellees' objection, and without pleading, appellant was permitted to adduce evidence as to the height of a "customary stump" and the customary meaning of "cutting at the stump." Her witnesses testified that in the area a "customary stump would be 10 inches from the ground." Having unsuccessfully attempted to exclude this evidence, appellees then introduced evidence that the term, as used in the area, meant "as close to the ground as possible".

The court submitted a special issue inquiring: what is "the usual and customary height in this area" at which pine timber is cut where the deed does not specify cutting height, but provides only that diameter is to be measured "at the stump." The jury answered, "as near the ground as possible." Appellees' objections to the charge are not before us, but appellant objected to this issue on the grounds the deed was unambiguous; that it fixed cutting height of pine at ten inches above ground, and consequently inquiry as to custom was immaterial and constituted an effort to vary the terms of the deed. She here says the court erred in overruling her motion to disregard the finding.

 We agree with counsel for all parties that the instrument is not ambiguous in this respect. If we sustain appellant in her contention that the issue is consequently not material, then failure to disregard the issue would not require reversal as is urged. We think it is clear the only restriction on cutting height fixed by the language of the deed is that concerning hardwood, and the only reasonable construction of the deed is that the language "10 inches above the ground" is not applicable to pine, under the terms of the instrument. Further, since appellant chose to try the case on the theory that "at the stump" should be interpreted on the basis of custom, she should not be heard to complain that the jury found against her on conflicting evidence.

Appellees admitted that an independent contractor cut some pine less than eight inches in diameter at the stump. The jury found the quantity of timber so cut to be 14 cords, and its value before cutting to be $4 per cord. Judgment against appellees was based on these findings. Appellant says the proper measure of damages was the manufactured price of pulpwood from trees wrongfully cut, at $15 per cord; and contends the court erred in refusing her requested issue which would have asked whether pine timber cut less than 8 inches in diameter "at the stump 10 inches above the ground" was removed by grantee "wilfully and without being in good faith, while knowing he did not have a lawful right to do so." Appellant apparently recognizes the measure of damage announced in Cummer-Graham Co. v. Maddox, 155 Tex. 284, 285 S.W.2d 932, 934, that where the cutting of timber not included in the deed is done in good faith under a claim of right, recovery of stumpage value, and not manufactured value, is allowed. Here, however, the issue requested and refused is restricted to timber cut less than "10 inches above the ground", and the court did not err in refusing to

submit the issue under Rule 279, Texas Rules of Civil Procedure. Thomas v. Billingsley, Tex.Civ.App., 173 S.W.2d 199, 200, writ ref.; Jones v. Rainey, Tex.Civ.App., 168 S.W.2d 507, 510, writ ref. The evidence is certainly not undisputed on the issues of good faith and claim of right as to the undersized timber actually cut.

We have carefully examined appellant's other points, which present no reversible error, and are overruled.

Affirmed.