**MOBILE PIPE–DILLINGHAM et al.,
Appellants,**

v.

**H. E. STARK, Appellee.**

No. 7022.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 23, 1969.

Addington & McGraw, Jasper, McMahon, Smart, Sprian, Wilson & Camp, Abilene, for appellants.

John H. Seale, Jasper, for appellee.

KEITH, Justice.

The appeal is from a judgment awarding Stark $1,000.00 damages against Mobile Pipe-Dillingham (a joint venture) occasioned by the placing of some ten thousand feet of pipe upon land owned by Stark in Newton County. In a non-jury trial, it was shown that a subcontractor for Mobile Pipe-Dillingham (hereinafter for convenience called "Mobile") engaged in constructing a pipe line, had placed some unusable pipe upon the property of Stark situated near the tailrace of the Toledo Bend Dam. The subcontractor having gone bankrupt, the pipe apparently was left there for some several months during which time Stark placed a fence around it with signs advising all persons to "Keep Off." Mobile, desiring to remove the pipe, and being denied permission by Stark, sued out a writ of sequestration, and removed the pipe. The cross-action of Stark followed.

Stark, claiming that the placing of the pipe upon his land without his permission constituted a trespass, plead his damage claim as follows:

"As a direct result of the above described trespass by cross-defendant [Mo-

bile], cross-plaintiff [Stark] has been damaged because of the damage to his land, and the deprivation of the use thereof, in the reasonable amount of Two Thousand, Five Hundred ($2,500.-00) Dollars, for which cross-plaintiff comes now and sues."

The answer was a general denial and no point is raised on appeal as to the sufficiency of Stark's pleadings.

The Court, upon motion of Mobile, filed findings of fact and conclusions of law, the substance of which are as follows: (a) Mobile "placed, or authorized or ratified the placing" of a large amount of pipe upon lands of Stark and left it there for approximately four months; (b) Mobile never requested or obtained permission from Stark to use the land or to place any pipe thereon; (c) the placing of the pipe and leaving it there for four months caused Stark "to be deprived of the use of said land for construction purposes" during such time, to his damage in the amount of $600.00; and (d) the placement of the pipe and leaving it there for four months caused damage in the amount of $400.00 for cleaning up said land and restoring it to its condition before the pipe was placed thereon.

Based upon these findings, the Court found that the action of Mobile "in placing, or authorizing, or ratifying the placing" of the pipe upon Stark's land "without permission, constituted a wrongful entry and trespass" for which Stark was entitled to recover $1,000.00 in damages.

Stark was the only witness who testified, and, although he was not as clear and concise as might be desired, did make out a case of trespass upon his land, particularly since it was not rebutted in any manner by Mobile. Under his testimony, the placement of the pipe was without either his knowledge or consent, thus constituting a trespass.

Throughout the proceedings, Stark repeatedly asserted ownership thereof; and, more importantly, Mobile made no attempt to impeach or to cast doubt upon such assertion of ownership. Title was not in issue in this case; and, under the record so made, the placement of the pipe upon Stark's land constituted a trespass for which the offending party should respond in damages, even if nominal in amount. State v. Lain, 162 Tex. 549, 349 S.W.2d 579, 581 (1961). Mobile's contentions that Stark failed to prove his ownership of the land are overruled.

■ Mobile challenges the Court's finding of fact that Mobile "placed, or authorized or ratified the placing of the pipe" upon Stark's land upon the basis of no evidence and insufficient evidence to support such finding. Since the two points are briefed together, we will consider them together. However, as to the no-evidence point, we consider only the evidence favorable to the Court's finding, but in considering the second or insufficient-evidence point, the entire record will be utilized.

■ The only proof upon this issue found in the record is the original petition filed by Mobile upon which the writ of sequestration issued. This instrument, still a viable pleading insofar as we can determine, contained these allegations:

"That the plaintiff [Mobile], as prime contractor * * * has been engaged in the construction of two segments of a pipe line * * * and that in connection with which the plaintiff has *produced* approximately 10,000 feet of 8 inch inside diameter steel pipe which was not useable [sic] in the construction of such pipe line and which was temporarily deposited at the edge of the pipe line right-of-way until such time as the same could be removed to another suitable location. That while such pipe was in the position *in which it had been deposited by the plaintiff*, the same was surrounded by a fence constructed by the defendant herein, * * *." (Emphasis supplied.)

Upon the basis of this allegation, Mobile procured the possession of the pipe under

the writ of sequestration and subsequent replevy. Many years ago, our Supreme Court, in Houston, E. & W. T. Ry. Co. v. De Walt, 96 Tex. 121, 70 S.W. 531, 537 (1902), said:

"If a fact be admitted in the pleadings in which the case is tried, it is, in general, assumed, without other evidence, to be conclusively established for the purposes of the trial."

See also, 2 McCormick & Ray, Texas Evidence § 1127, p. 24; 4 Wigmore on Evidence, § 1064, p. 45.

There was not dispute that the pipe was upon the ground for some period, even though the exact period is rather indefinite. Under the record as made, both points are overruled.

■ The unauthorized entry upon Stark's land by Mobile, which the trial court found and which we have approved, authorized the assessment of at least nominal damages for the trespass. 56 Tex.Jur. 2d, Trespass § 32, p. 38. Stark, however, sought and procured a judgment for compensatory, not simply nominal damages. Assuming the sufficiency of his pleadings, it was incumbent upon him to offer proof which would warrant the imposition of the damages which he claimed.

■ Mobile complains that there was no evidence, or alternatively, that the evidence was insufficient, to sustain the finding by the Court of damages in the amount of $1,000.00. This is predicated upon the contention that there was no evidence (or insufficient evidence) to prove that the alleged damage was: (a) either permanent or temporary; (b) of the market value before or after the alleged injury; (c) the reasonable rental value during the time the pipe remained thereon; or, (d) the cost of restoring the land to its condition prior to the time of the trespass. Again, considering only the evidence favorable to the finding, we are of the opinion that there was some evidence to support the finding; but, considering the record as a whole, the

evidence was insufficient to warrant the finding of damages in the sum of $1,000.00. The no-evidence point is overruled, while that challenging the sufficiency thereof is sustained.

Stark's tract of land contained approximately two and one-half acres and the only improvement was a cafe which was vacant at the time of the trespass and of the trial. He testified that, because of its location near the Toledo Bend Dam site, it was potentially valuable as a fishing resort, particularly since most of the other land in the area was owned by the Sabine River Authority under whose authority the dam was constructed. Stark also testified that he intended to build "a line" of tourist cabins on the precise spot on the property where the pipe had been deposited, had his plans drawn, and would have begun construction but for the presence of the pipe. These improvement would have cost from twenty to twenty-five thousand dollars; but, because of the pipe being on the land for the four month period, he was unable to get them built "for the first season." Testifying in answer to leading questions propounded by his counsel, Stark said that by being prevented from building he had lost money. These are the questions and his answers:

"Q. * * * Now, if you take say—say that the value of the cabins would be $2500 and the value of the land would be $2500, what I'm asking you is how much for the value of the land exclusive of the cabins for the loss of the use of it? Is it $2500, $500, in other words, how much? What you've got to tell us is how much your land—how much you've lost, Mr. Stark?

A. I would lose all the money by not being able to build the cabins on that.

Q. All right. So it's still your feeling then that you've lost the entire five thousand dollars?

A. I'd feel like I've lost at least that."

Somewhat similar testimony was repeated upon cross-examination, but there was nothing of any probative value tending to establish any definite sum by which the plaintiff was damaged. The cabins, even at the time of the trial some six months after the removal of the pipe from the property, had not been built. Under the finding of fact of the Court, an allowance of $600.00 was made for the loss "of the use of said land for construction purposes." The evidence of the loss of use, epitomized by the testimony set out above, is most unsatisfactory. At most, the presence of the pipe was a temporary injury and the rule governing the measure of damages is set forth in Bradley v. McIntyre, 373 S. W.2d 389, 391 (Tex.Civ.App., writ ref. n. r. e. 1963):

> "In the case of temporary injury to real estate, the measure of damages is ordinarily the cost and expense of restoring the land to its former condition, plus the loss or damages occasioned by being deprived of the use of same, with interest. [Citing cases]."

Approaching the matter from the standpoint of rental value and cost of reparation, a permissible approach, we reach the same result. 22 Amer.Jur.2d, Damages § 135, p. 196.

■ It is clear from the foregoing that Stark failed to carry the burden of proof as to the amount of actual damages. Insofar as a recovery is sought for the loss of profits from the non-existent tourist cabins may be involved, such is too speculative and cannot stand. Southwest Battery Corporation v. Owen, 131 Tex. 423, 115 S.W. 2d 1097, 1099 (1938); Barbier v. Barry, 345 S.W.2d 557, 563 (Tex.Civ.App., no writ, 1961). Under the record as presented here, Stark cannot prevail because the evidence is insufficient to show with reasonable certainty the amount of his actual damages, as distinguished from purely nominal damages. We sustain Mobile's point challenging the sufficiency of the evidence to sustain the award of $600.00 for the loss of use of his land.

Claiming that since the pipe was "strowed" generally over his land, Stark, being asked what, in his opinion, the cost involved in "cleaning up this land and restoring it to the condition it was before this pipe was ever put on it", replied:

"A. I'd say two or three or four hundred dollars.

Q. All right.

A. Just a rough estimate.

Q. In other words, you're saying it would be from two to four hundred dollars?

A. Yes, sir."

The Court awarded $400.00 and Mobile now complains that there was no evidence to support the award; or, alternatively, insufficient evidence.

■ As we have done before, we consider the two points together, remembering always that as to the "no" evidence point, we must consider only the evidence favorable to the Court's finding; but, as to the point challenging the sufficiency of the evidence, we must consider all of the evidence found in the entire record. And, having done so, we are of the opinion that Stark's testimony in this regard, and no other witness testified upon the trial, is so insufficient that we cannot permit the award of $400.00 to stand. Pan American Pet. Corp. v. Mitchell, 338 S.W.2d 740, 742 (Tex.Civ.App., no writ, 1960). Compare: State v. Carpenter, 126 Tex. 604, 89 S.W. 2d 194, 200 (1936); Texas Elec. Serv. Co. v. Campbell, 161 Tex. 77, 336 S.W.2d 742, 745 (1960). The no-evidence point is overruled while that pointing out the insufficiency of the evidence to support the award is sustained.

■ We are unwilling, in view of the undisputed trespass upon Stark's property and his right to recover at least nominal damages therefor, to render judgment against him. It does not appear that the case has been fully developed upon the trial. The cause is, consequently, remand-

ed for a new trial. Rule 434, Texas Rules of Civil Procedure; Woods v. Townsend, 144 Tex. 594, 192 S.W.2d 884 (1946); Milner v. Boswell, 377 S.W.2d 763 (Tex.Civ. App., no writ, 1964); Keeling v. Zoller, 388 S.W.2d 274, 278 (Tex.Civ.App., no writ, 1965).

Reversed and remanded.