**LOUISIANA PACIFIC CORPORATION et al., Appellants,**

v.

**Ben M. STEVENSON, Appellee.**

**No. 7956.**

Court of Civil Appeals of Texas, Beaumont.

April 28, 1977.

W. D. Perkins, Lufkin, for appellants.
John H. Seale, Jasper, for appellee.

DIES, Chief Justice.

In cutting timber on a tract of land in Jasper County, defendant below, Louisiana-Pacific Corporation, crossed the boundary line separating the tract from plaintiff below's land, causing some damage. After a jury trial, plaintiff received a $10,000 judgment from which defendant appeals. The parties will be referred to as they were below.

Defendant says the court should have submitted issues inquiring if the damage to plaintiff's land was permanent, and to determine the value of the land before and after the trespass, citing *Cummer-Graham Co. v. Maddox,* 155 Tex. 284, 285 S.W.2d 932 (1956); *M. C. Winters, Inc. v. Lawless,* 445 S.W.2d 761 (Tex.Civ.App.—Eastland 1969, writ ref'd n.r.e.); *Hamilton v. Fant,* 422 S.W.2d 495 (Tex.Civ.App.—Austin 1967, no writ).

In *Maddox, supra,* defendant had acquired a bill of sale to cut softwood other than elm and gum. Plaintiff's action alleged wrongful cutting by defendant of elm and gum. This case set out the measure of damages in such cases as:

(1) If the thing destroyed or removed from the realty has a value which can be measured without reference to the soil, the recovery is the value of the thing destroyed or removed and not the value of the land.

(2) If the trees have a value only with reference to the land as shade or ornamentation, or if they be fruit trees or young growth which has no market value, then the proper measure of damage would be the difference in the value before and after.

Both *Winters* and *Hamilton, supra,* are in accord.

However in our case the plaintiff sought damages only to restore the land to its former condition, as in *Mobile Pipe-Dillingham v. Stark,* 437 S.W.2d 359 (Tex.Civ.App. —Beaumont 1969, no writ). In *Mobile Pipe,* stark complained of pipe put on his land and sought as damage the cost of cleaning up his land and restoring it to the condition it was before the pipe was put on it. In our case, plaintiff's proof was that defendant cut 1300–1500 trees on his land, only a few of which had market value as timber, scarred the land with skidders, stopped up his creek, and left tree tops and cut trees on his property. His proof was that it would take men and machines costing $1,000 per day fifteen days to clean it

up. On the same basis of *Stark, supra,* we overrule these points.

The jury found that $10,000 would fairly and reasonably compensate plaintiff for the damage caused by the trespass, which defendant attacks as being supported by no evidence, insufficient evidence, or as against the great weight and preponderance of the evidence.

A no evidence point directs us only to the evidence and inferences to support the verdict. *Garza v. Alviar,* 395 S.W.2d 821 (Tex. 1965). When the contention is insufficiency of the evidence or against the weight and preponderance, we examine all the evidence. *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

The plaintiff, Ben M. Stevenson, a Houston attorney, had supervised "land negotiation, damage payments, and that sort of thing" for two companies. He claims to have had considerable experience in the matter of damage to land, and the cost of restoration and repair of land. In 1973 he and a friend, Tom Newell, acquired seventy-five acres of land through the Texas Veteran's Land Board. This was divided, and his one-half is the property damaged by defendant. Defendant bought the timber on land adjoining this, got over the line and cut and knocked over 1300–1500 trees, leaving the tops and residue on the ground and blocking the flow of his creek. To reach the damaged area, one would either have to come across the adjoining property as defendant did or construct a road. To clean up the area would take a front loader or a dozer and a truck and three men. It would take fifteen days at a total of $15,000.

Tom Newell, the friend who bought the seventy-five acre tract with him, is right-of-way manager for Houston Pipeline Company. He assesses the damages for the taking of land for right-of-way purposes. In a general way he is familiar with the cost of operating heavy equipment. It was his opinion also that it would cost $15,000 to restore the land to its original condition and that the land needed reseeding to prevent erosion.

Claude Y'Barbo lives next to this land. He sold his place to plaintiff and Newell, retaining a life estate. He truck farms some. He has worked in the woods and clearing right-of-ways, and he believes it would cost a thousand dollars a day to clean up this land.

The plaintiff and Newell paid $250.00 per acre for this land in 1973. The defendant produced evidence that only a small amount of trespassed land was involved, and that $600 would clean it up. The land is in a rural portion of Jasper County, and, while plaintiff testified he intended to subdivide it, there is no proof it is suitable for a subdivision. Nevertheless, the defendant has no point of excessiveness of damages; so, we may not therefore, consider this. *Tex.R.Civ.P.* 418; *Flock v. Kelso,* 366 S.W.2d 698 (Tex.Civ.App.—Amarillo 1963, no writ); *Hudspeth v. Hudspeth,* 206 S.W.2d 863 (Tex.Civ.App.—Amarillo 1947, no writ); *Carnes v. Kay,* 210 S.W.2d 882 (Tex.Civ.App.—Amarillo 1948, no writ).

All points of error are overruled, and the judgment of the trial court is affirmed.

AFFIRMED.