DEPARTMENT OF TRANSPORTATION v. JULIA C. ROGERS

No. 7910SC190

(Filed 20 November 1979)

**Eminent Domain § 6.5— value of land—witness's opinion—admissibility**

An attorney and real estate developer who was familiar with land values in the county, who had for several years been familiar with the area in which appellee's property was located, and who had walked over one tract of appellee's land and observed the other from the edge of the tract could properly give his opinion as to value in a condemnation proceeding, and the fact that he was not as familiar with the property as he could have been and had not observed it at the time of taking went to the weight of his testimony and not to its admissibility.

APPEAL by plaintiff from *Godwin, Judge.* Judgment entered 4 October 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 19 October 1979.

In this cause two separate cases for the condemnation of defendant's land were consolidated for trial in one action. The only issue in each case was the amount of compensation. The defendant called two witnesses to testify as to her damages. One of them was H. A. Sandman, who testified he is a licensed attorney and a developer of residential and commercial real estate who has developed at least five residential subdivisions in Wake County. He testified he had been familiar with the section in which the property is located for several years and had been on both tracts of defendant's land approximately three or four weeks prior to

the trial. He testified in proper form as to the damage to both tracts. On cross-examination, he testified he did not walk over one of the tracts but viewed it from its edge. He testified he based his knowledge as to the topography of the land on the information given him by the defendant's attorney and the assumption it "looked about like it did where I saw it up front." The parcel was approximately 2,000 feet deep. Highway construction had begun when he was on the property with the trees having been felled and the grading done. He testified he did not know what the property looked like before the construction was begun but assumed the property under construction looked like what was left. The plaintiff made a motion to strike the testimony of Mr. Sandman, which motion was denied. The plaintiff appealed from the judgment.

*Attorney General Edmisten, by Assistant Attorney General R. W. Newsom III, for the State.*

*Satisky and Silverstein, by Howard P. Satisky, for defendant appellee.*

WEBB, Judge.

Plaintiff brings forward one assignment of error. It contends the testimony of H. A. Sandman should have been stricken because he did not have adequate knowledge of the area taken to testify. Defendant cites textbook authority and cases from this and other jurisdictions for the rule that in order to give an opinion as to value, a witness must be acquainted with the value of the land in controversy and must be familiar with the land or have examined it at the approximate time of taking. *See Robbins v. Trading Post, Inc.,* 251 N.C. 663, 111 S.E. 2d 884 (1960); *Highway Commission v. Privett,* 246 N.C. 501, 99 S.E. 2d 61 (1957); *Highway Commission v. Matthis,* 2 N.C. App. 233, 163 S.E. 2d 35 (1968); *Blair v. Pennsylvania Turnpike Commission,* 152 Pa. Super. Ct. 555, 33 A. 2d 490 (1943); *Wilson v. Southern Ry.,* 65 S.C. 421, 43 S.E. 964 (1903); *Hall v. Seaboard Air Line Ry. Co.,* 126 S.C. 330, 119 S.E. 910 (1923), and 5 Nichols, Eminent Domain, § 18.42(1) (3d ed. 1975). We do not argue with the rule as stated by appellant. We hold that Mr. Sandman's testimony that he had walked over one tract and had observed the other from the edge of the tract is evidence that he was familiar with the property

and could give his opinion as to value. The fact that he was not as familiar with the property as he could have been and had not observed it at the time of the taking goes to the weight given his testimony by the jury. There was no evidence that his assumption as to the condition of the land at the time of the taking was incorrect.

*Robbins v. Trading Post, Inc., supra,* relied on by the appellant, was an action against a building contractor for breach of contract for the construction of a house. The contract provided the house "shall be exactly like house built on Endsley Ave. house #13." Plaintiff's witness testified the house would have been worth from $9,000.00 to $9,500.00 had it been constructed according to contract. On cross-examination, he said he had never seen the Endsley house and knew nothing about it. The Supreme Court held it was error not to strike his testimony. In the case sub judice the witness testified he had seen the property in question. This distinguished the two cases. In *Highway Commission v. Matthis, supra,* this Court held it was not error to exclude the opinion testimony of a witness as to the value of land immediately prior to the taking when the witness lived 78 miles from the land taken; the date of the taking was three years prior to the time the witness saw the land; the highway construction was complete when the witness first saw the property, and the record did not disclose what changes had occurred in the surrounding property since the date of the taking. In the case sub judice, the witness was very familiar with land values in Wake County; he had for several years been familiar with the area in which appellee's property was located. We hold these facts distinguish *Matthis* from the case sub judice.

No error.

Judges ARNOLD and WELLS concur.